UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SANDY RUIZ, on behalf of himself
and all others similarly situated,

                      Plaintiff,

      - against -                             **COMPLAINT**

TRUFFA PIZZERIA & WINE ROOM               **FLSA COLLECTIVE**
CORP. d/b/a COCINA CHENTE
MEXICAN CUISINE, and MOISES
LOPEZ SR., ROMA LOPEZ
and JUAN ROSARIO,
individually,

                      Defendants.
------------------------------------------------------------------X

      Plaintiff Sandy Ruiz (hereinafter referred to as "Ruiz" or "Plaintiff"), on behalf of himself and all other similarly situated current and former workers by and through his attorney, Jacob Aronauer of The Law Offices of Jacob Aronauer, complaining of Truffa Pizzeria & Wine Room Corp. d/b/a Cocina Chente Mexican Cuisine ("Cocina Chente"), and Moises Lopez Sr. ("M. Lopez"), Roma Lopez ("R. Lopez") and Juan Rosario ("Rosario"), individually (collectively "Defendants"), alleges the following:

## NATURE OF THE ACTION

1.     This is a civil action brought by Plaintiff and all others similarly situated to recover unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and New York Labor Law ("NYLL"). Plaintiff and all other similarly situated non-exempt workers work or have worked as cooks, food prep workers, dishwashers, servers and bartenders for Cocina Chente, a restaurant owned, controlled and operated by Defendants.

2. Plaintiff brings this action on behalf of himself and all other similarly situated current and former non-exempt workers who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.,* and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Defendants.

3. In addition, Defendants failed to provide Notice and Acknowledgement of Pay Rate and Payday as required under Section 195(1) of the NYLL as well as accurate wage statements as required under Section 195(3) of the NYLL.

4. Plaintiff and the FLSA Collective seek injunctive and declaratory relief against Defendants' unlawful actions, compensation for their failure to pay overtime wages and liquidated damages, compensatory damages, pre-judgment and post-judgment interest, and attorney's fees and costs, pursuant to the FLSA and NYLL.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c), and 217; and 28 U.S.C. § 1337.

6. This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction.

7. Venue is proper in this district under 28 U.S.C. § 1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred in the Southern District.

## PARTIES

**Plaintiff Sandy Ruiz**

8. Plaintiff is and was at all times relevant hereto an adult individual residing in Bronx County, New York.

9. Plaintiff was employed by Defendants from on or about July 24, 2017 through on or about May 1, 2020.

10. Plaintiff was employed by Defendants as a cook.

11. Plaintiff was a covered employee within the meaning of the FLSA and the NYLL.

**Defendant Cocina Chente Mexican Cuisine**

12. Cocina Chente is a Mexican restaurant incorporated in the State of New York, located at 3535 Riverdale Ave, Bronx, New York 10463.

13. On information and belief, Defendants M. Lopez and R. Lopez maintain control, oversight and direction over Cocina Chente.

14. At all times relevant to this action, Cocina Chente was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

15. On information and belief, Cocina Chente has (1) employees engaged in commerce or in the production of goods or materials for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

**Defendant Moises Lopez Sr.**

16. Defendant M. Lopez is a person engaged in business in Bronx County, who is sued individually in his capacity as an owner, officer and/or agent of Cocina Chente.

17. On information and belief, Defendant M. Lopez maintains control, oversight and direction over Cocina Chente.

18. On information and belief, Defendant M. Lopez is the brother of Defendant R. Lopez.

19. Defendant M. Lopez exercises sufficient control over Cocina Chente to be considered Plaintiff's employer under the FLSA and NYLL, and at all times material hereto said

Defendant had the authority to hire and fire Plaintiff and established and maintained policies regarding the pay practices at Cocina Chente.

20. Defendant M. Lopez had substantial control over Plaintiff's working conditions and practices alleged herein.

**Defendant Roma Lopez**

21. Defendant R. Lopez is a person engaged in business in Bronx County, who is sued individually in her capacity as an owner, officer and/or agent of Cocina Chente.

22. On information and belief, Defendant R. Lopez maintains control, oversight and direction over Cocina Chente.

23. On information and belief, Defendant R. Lopez is the sister of Defendant M. Lopez.

24. Defendant R. Lopez exercises sufficient control over Cocina Chente to be considered Plaintiff's employer under the FLSA and NYLL, and at all times material hereto said Defendant had the authority to hire and fire Plaintiff and established and maintained policies regarding the pay practices at Cocina Chente.

25. Defendant R. Lopez had substantial control over Plaintiff's working conditions and practices alleged herein.

**Defendant Juan Rosario**

26. Defendant Rosario is a person engaged in business in Bronx County, who is sued individually in his capacity as an owner, officer and/or agent of Cocina Chente.

27. On information and belief, Defendant Rosario maintains control, oversight and direction over Cocina Chente.

28. On information and belief, Defendant Rosario is a registered principal for Cocina Chente.

29. Defendant Rosario exercises sufficient control over Cocina Chente to be considered Plaintiff's employer under the FLSA and NYLL, and at all times material hereto said Defendant had the authority to hire and fire Plaintiff and established and maintained policies regarding the pay practices at Cocina Chente.

30. Defendant Rosario had substantial control over Plaintiff's working conditions and practices alleged herein.

## COLLECTIVE ACTION ALLEGATIONS

31. The claims in this Complaint arising out of the FLSA are brought by Plaintiff on behalf of himself and other similarly situated persons who are current and former employees of Defendants since the date three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective").

32. The FLSA Collective consists of approximately 25 similarly situated current and former cooks, food prep workers, dishwashers, servers and bartenders who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages.

33. As part of their regular business practice, Defendants have intentionally, willfully and repeatedly harmed Plaintiff and the FLSA Collective by engaging in a pattern and/or policy of violating the FLSA. This policy includes, *inter alia*, the following: failing to pay employees the applicable overtime rate for all time worked in excess of forty (40) hours per week.

34. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing costs and denying employees legally required compensation. Defendants'

unlawful conduct has been intentional, willful and in bad faith, and has caused significant damage to Plaintiff and the FLSA Collective.

35. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join in the present action. Those similarly situated employees are known to Defendants, are readily identifiable and locatable through their records. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

36. The FLSA and NYLL require that employers pay all employees at least one and one-half (1.5) times the employee's wage for all hours worked in excess of 40 during any workweek, unless they are exempt from coverage.

37. Defendants failed to compensate Plaintiff and the FLSA Collective at one and one-half times the employee's wage for all hours worked in excess of 40 during any workweek. The exact accounting of such discrepancy can only be determined upon completion of discovery.

38. Plaintiff and the FLSA Collective were not given notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 195(1); and anything otherwise required by law.

## STATEMENT OF FACTS

**Plaintiff Sandy Ruiz's Employment with Defendants**

39. Plaintiff worked as a cook for Defendants from on or about July 24, 2017 through on or about May 1, 2020.

40. Plaintiff's job duties primarily included cooking food, training food prep workers and ordering and maintaining food and supply inventory.

41. Throughout the vast majority of his employment with Defendants, Plaintiff was regularly scheduled to work more than 40 hours each week.

42. Throughout the majority of his employment with Defendants, Plaintiff was scheduled to work between 5 and 6 days per week.

43. Plaintiff was usually scheduled to work from 2 pm to 11 pm.

44. Plaintiff did not receive a meal break.

45. Plaintiff was paid a flat weekly salary that was not inclusive of overtime.

46. Plaintiff was paid weekly.

47. Plaintiff was always paid in currency (cash).

48. Plaintiff was paid $500 per week from on or about July 24, 2017 through on or about November 2017.

49. Plaintiff was paid $600 per week from on or about December 2017 through on or about March 2018.

50. Plaintiff was paid $650 per week from on or about April 2018 through on or about September 2019.

51. Plaintiff was paid $800 per week from on or about October 2019 through on or about May 1, 2020.

52. Plaintiff was often asked to perform duties "off the clock," such as picking up food supplies before or after his scheduled work shift.

53. Defendants never discussed overtime compensation or overtime work with Plaintiff.

54. Plaintiff never received any written record of his regular and/overtime hours worked.

55. Plaintiff was not required to clock in or clock out at the beginning or at the end of his workday.

**Defendants' Violations of the Wage Theft Protection Act**

56. The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates.

57. Throughout the relevant time period, Defendants paid Plaintiff without the proper accompanying statement listing the overtime rate or rates of pay, the number of regular hours worked and the number of overtime hours worked, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages.

58. Plaintiff was never given a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer and required by NYLL 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

**FIRST CAUSE OF ACTION**
**Failure to Pay Overtime Compensation in Violation of the Fair Labor Standards Act**
**(On Behalf of Plaintiff and the FLSA Collective)**

59. Plaintiff, on behalf of himself and the FLSA Collective, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

60. Throughout the relevant time period, Plaintiff and the FLSA Collective regularly worked in excess of forty (40) hours per workweek.

61. At all relevant times throughout Plaintiff and the FLSA Collective's employment, Defendants operated under a policy of willfully failing and refusing to pay Plaintiff and the FLSA Collective one and one-half times the regular hourly rate of pay for all work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA, even though Plaintiff and the FLSA Collective were entitled to receive overtime payments.

62. At all relevant times throughout Plaintiff and the FLSA Collective's employment, Defendants willfully, regularly and repeatedly failed to pay the required overtime rate of one and one-half times their regular hourly rate for all hours worked in excess of forty (40) hours per workweek.

63. Defendants' decision not to pay overtime was willful.

64. Plaintiff and the FLSA Collective seek damages in the amount of their unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, attorney's fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### SECOND CAUSE OF ACTION
### Failure to Pay Overtime Compensation in Violation of New York Labor Law
### (On Behalf of Plaintiff)

65. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

66. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of NY Labor Law §652 and 12 NYCRR §142-2.2.

67. Defendants failed to pay Plaintiff the overtime premium of one and one-half times the regular hourly rate of pay for all of his overtime hours worked, in violation of the NYLL.

68. Defendants' decision not to pay overtime was willful.

69. As a result of Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants unpaid overtime wages and liquidated damages, as well as reasonable attorney's fees and the costs of this action, including interest, pursuant to the NY Labor Law.

### THIRD CAUSE OF ACTION
**Failure to Provide Annual Wage Notices in Violation of New York Labor Law**
**(On Behalf of Plaintiff)**

70. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

71. Defendants willfully failed to supply Plaintiff with wage notices, as required by NYLL, Article 6, §195(1), in English or in the language identified by Plaintiff as his primary language, containing Plaintiff's rate, including but not limited to overtime rates of pay and basis thereof; the regular pay day designated by the employer in accordance with NYLL, Article 6, §191.

72. Through their knowing or intentional failure to provide Plaintiff the wage notices required by the NYLL, Defendants willfully violated NYLL, Article 6, §§190 *et seq.*, and the supporting New York State Department of Labor Relations regulations.

73. Due to Defendants' willful violations of NYLL, Article 6, §195(1), Plaintiff is entitled to statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiff with wage notices, or a total of five thousand dollars each, reasonable attorney's fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

# FOURTH CAUSE OF ACTION
### Failure to Provide Wage Statements in Violation of New York Labor Law
### (On Behalf of Plaintiff)

74. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

75. Defendants willfully failed to supply Plaintiff with accurate statements of wages as required by NYLL, Article 6, §195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

76. Through their knowing or intentional failure to provide Plaintiff with the wage statements required by the NYLL, Defendants willfully violated NYLL, Article 6, §§190 *et seq.*, and the supporting New York State Department of Labor Relations regulations.

77. Due to Defendants' willful violations of NYLL, Article 6, §195(3), Plaintiff is entitled to statutory penalties of two hundred and fifty dollars for each workday that Defendants failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars each, reasonable attorney's fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the entry of an order and judgment against Defendants Truffa Pizzeria & Wine Room Corp. d/b/a Cocina Chente Mexican Cuisine, and Moises Lopez Sr., Roma Lopez-Mercader and Juan Rosario, jointly and severally, as follows:

(a) Designation of this action as a collective action on behalf of the FLSA Collective Members (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b) Damages for the unpaid overtime pay due to Plaintiff and the FLSA Collective, in an amount to be determined at the trial of the action, along with liquidated damages as provided by the FLSA;

(c) Damages for the unpaid overtime due to Plaintiff, along with liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

(d) Statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiff with a wage notice, or a total of five thousand dollars, as provided for by NYLL, Article 6, § 198;

(e) Statutory penalties of two hundred and fifty dollars for each workday that Defendants failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars, as provided for by NYLL, Article 6, § 198;

(f) For pre-judgment and post-judgment interest on the foregoing amounts;

(g) For his costs and disbursements of this action, including attorney's fees and expenses; and,

(h) For such other further and different relief as this Court deems just and proper.

Dated: October 16, 2020
      New York, New York

**THE LAW OFFICES OF JACOB ARONAUER**

By:   */s/ Jacob Aronauer*
      Jacob Aronauer, Esq.
      225 Broadway, 3rd Floor
      New York, NY 10007
      (212) 323-6980
      jaronauer@aronauerlaw.com

*Attorney for Plaintiff*