UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SANDY RUIZ, on behalf of himself
and all others similarly situated,

                                              Plaintiff,

      - against -                                  Civil Action No.:

TRUFFA PIZZERIA & WINE ROOM                20-cv-08645 (LJL)
CORP. d/b/a COCINA CHENTE
MEXICAN CUISINE, and MOISES
LOPEZ SR., ROMA LOPEZ
and JUAN ROSARIO,
individually,

                                      Defendants.
------------------------------------------------------------------X

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONDITIONAL CERTIFICATION

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................. ii

PRELIMINARY STATEMENT .............................................................................................. 1

STATEMENT OF FACTS ....................................................................................................... 2

ARGUMENT Conditional Certification and the Approval of
    Court-Authorized Notice Should be Granted ......................................................... 3

  A. Prompt Notice Would Serve the Goals of the FLSA ............................................... 3

  B. Timely Notice is Crucial ............................................................................................ 4

  C. Plaintiff and Potential Plaintiffs are Similarly Situated ............................................ 5

  D. The Court Should Approve Plaintiff's Proposed Notice .......................................... 8

  E. The Court Should Require Defendants to Post the Notice in Cocina Chente ......... 9

  F. Discovery of Names, Addresses, Telephone Numbers and
    Social Security Numbers is Proper and Necessary Under Section 216(b) .............. 9

CONCLUSION ....................................................................................................................... 10

## TABLE OF AUTHORITIES

**CASES**

*Aguilo v. Vails Gate Cleaners Inc.*, 2020 U.S. Dist. LEXIS 114750, (S.D.N.Y. June 30, 2020)... 3

*Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474 (S.D.N.Y. 2016) ................................. 10

*Bodrul Islam v. BYO Co. (USA), Ltd.*, 2017 U.S. Dist. LEXIS 95798 (S.D.N.Y. June 20, 2017) . 7

*Braunstein v. E. Photo Labs., Inc.*, 600 F.2d 335 (2d Cir. 1978) ............................................. 4, 5

*Cabrera v. Stephens*, 2017 U.S. Dist. LEXIS 160044 (S.D.N.Y. Sept. 28, 2017) ......................... 4

*Calderon v. King Umberto, Inc.*, 892 F. Supp. 2d 456 (S.D.N.Y. 2012)....................................... 8

*Chui v. Am. Yuexianggui of Li LLC*, 2020 U.S. Dist. LEXIS 117296 (E.D.N.Y. July 2, 2020) .... 6

*Cruz v. Hook-SupeRx, L.L.C.*, 2010 U.S. Dist. LEXIS 81021 (S.D.N.Y. Aug. 5, 2010) ....... 4, 6, 8

*Cuaya v. VI Development Group, LLC*, 2020 U.S. Dist. LEXIS 166324 (S.D.N.Y. Sept. 10, 2020).................................................................................................................................. 9

*Enriquez v. Cherry Hill Market Corp.*, 2012 U.S. Dist. LEXIS 17036 (E.D.N.Y. Feb. 10, 2012) 6

*Escano v. N.A. Produce and Grocery Corp.*, 2015 U.S. Dist. LEXIS 29785, (S.D.N.Y. March 11, 2015).................................................................................................................................. 3

*Francisco v. NY Tex Care, Inc.*, 2020 U.S. Dist. LEXIS 70119 (E.D.N.Y. Apr. 20, 2020)........... 7

*Glatt v. Fox Searchlight Pictures, Inc.*, 811 F.3d 528 (2d Cir. 2015) ........................................... 7

*Gurrieri v. Cty. of Nassau*, 2019 U.S. Dist. LEXIS 87146 (E.D.N.Y. May 23, 2019).................. 6

*Hallissey v. Am. Online, Inc.*, 2008 U.S. Dist. LEXIS 18387 (S.D.N.Y. Feb. 19, 2008)............... 7

*Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651 (S.D.N.Y. 2013) ................................................... 7

*Hernandez v. Bare Burger Dio Inc.*, 2013 U.S. Dist. LEXIS 89254, (S.D.N.Y. June 25, 2014)... 3

*Hernandez v. Immortal Rise, Inc.*, 2012 U.S. Dist. LEXIS 136556 (E.D.N.Y. Sept.24, 2012) ..... 4

*Hilaire v. Underwest Westside Operating Corp.*, 2020 U.S. Dist. LEXIS 27141 (S.D.N.Y. Feb. 17, 2020)............................................................................................................................. 8

*Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165 (1989)..................................................... 3, 4, 8

*Islam v. LX Ave. Bagels, Inc.*, 2019 U.S. Dist. LEXIS 173744 (S.D.N.Y. Sept. 30, 2019) ........... 7

*Jacob v. Duane Reade, Inc.*, 2012 U.S. Dist. LEXIS 11053 (S.D.N.Y. Jan. 26, 2012) ................. 9

*Khamsiri v. George & Frank's Japanese Noodle Rest. Inc.*, 2012 U.S. Dist. LEXIS 76660 (S.D.N.Y. June 1, 2012) ..................................................................................................... 9

*Krueger v. N.Y. Tel Co.*, 1993 U.S. Dist. LEXIS 9988 (S.D.N.Y. July 21, 1993) ........................ 7

*Ling Chen v. Asian Terrace Rest., Inc.*, 2020 U.S. Dist. LEXIS 126417 (E.D.N.Y. July 17, 2020) .................................................................................................................................... 7

*Martin v. Sprint United Mgmt. Co.*, 2016 U.S. Dist. LEXIS 352 (S.D.N.Y. Jan. 4, 2016) .......... 10

*Martino v. Ecolab, Inc.*, 2016 U.S. Dist. LEXIS 19352 (N.D. Cal. Feb. 16, 2016) ................... 4, 9

*McGlone v. Contract Callers, Inc.*, 867 F. Supp. 2d 438 (S.D.N.Y. 2012) .................................. 7

*Nahar v. Dozen Bagels Co.*, 2015 U.S. Dist. LEXIS 143839 (S.D.N.Y. Oct. 20, 2015) ............... 5

*Pefanis v. Westway Diner, Inc.*, 2008 U.S. Dist. LEXIS 81082 (S.D.N.Y. Oct. 8, 2008) .......... 5, 9

*Perez v. La Abundancia Bakery & Restaurant Inc., et al.*, 2017 U.S. Dist. LEXIS 123550 (E.D.N.Y. Aug. 4, 2017) ........................................................................................................... 5

*Ramos v. DNC Food Serv. Corp.*, 2020 U.S. Dist. LEXIS 96123 (S.D.N.Y. June 2, 2020) .......... 7

*Rosario v. Valentine Ave. Disc. Store, Co.*, 828 F. Supp. 2d 508 (S.D.N.Y. 2011) .................. 6, 8

*Ruggles v. WellPoint, Inc.*, 591 F. Supp.2d 150 (N.D.N.Y. 2008) ................................................ 4

*Scott v. Chipotle Mexican Grill, Inc.*, 954 F.3d 502 (2d Cir. 2020) ............................................. 7

*See Juarez v. 449 Restaurant, Inc.* 29 F. Supp. 3d 363 (S.D.N.Y. 2014) ..................................... 2

*Shajanv. Barolo*, 2010 U.S. Dist. LEXIS 54581 (S.D.N.Y. June 2, 2010) .................................. 8

*Siewmungal v. Nelson Management Group Ltd.*, 2012 U.S. Dist. LEXIS 28181 (E.D.N.Y. Mar. 3, 2012) ................................................................................................................................... 6

*Sipas v. Sammy's Fishbox, Inc.*, 2006 U.S. Dist. LEXIS 24318 (S.D.N.Y. Apr. 24, 2006) ........... 4

*Thornburn v. Door Pro Am., Inc.*, 2018 U.S. Dist. LEXIS 46164 (E.D.N.Y. Mar. 20, 2018) ....... 6

*Ting Qiu Qiu v. Shanghai Cuisine, Inc.*, 2019 U.S. Dist. LEXIS 198794 (S.D.N.Y. Nov. 14, 2019) .......................................................................................................................................... 5

*Valerio v. RNC Indus, LLC*, 314 F.R.D. 61, 2016 U.S. Dist. LEXIS 37098 (E.D.N.Y. 2016) .. 5, 6

*Walston v. Edward J. Young, Inc.*, 2016 U.S. Dist. LEXIS 22084 (E.D.N.Y. Feb. 22, 2016) ....... 5

*Wang v. Empire State Auto Corp.*, 2015 U.S. Dist. LEXIS 99089 (E.D.N.Y. June 29, 2015) ....... 2

*Yuefeng Shi v. TL & CG Inc.*, 2020 U.S. Dist. LEXIS 142853 (S.D.N.Y. Aug. 10, 2020) ............ 9

**STATUTES**

29 U.S.C. § 201 ............................................................................................................................. 3

29 U.S.C. § 216(b) .................................................................................................................... 1, 3

## PRELIMINARY STATEMENT

This is a case about restaurant workers, including cooks, food preparers and dishwashers, (collectively referred to as "Kitchen Workers") attempting to recover unpaid overtime compensation under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") from Truffa Pizzeria & Wine Room Corp. d/b/a Cocina Chente Mexican Cuisine ("Cocina Chente"), owned and operated by Defendants Moises Lopez Sr. ("M. Lopez"), Roma Lopez ("R. Lopez") and Juan Rosario ("Rosario") (collectively "Defendants").[1] Through this motion, Plaintiff Sandy Ruiz ("Ruiz" or "Plaintiff") seeks to protect the rights of other current and former employees of Cocina Chente owned and controlled by Defendants. Plaintiff will be able to protect the rights of the FLSA potential opt-in plaintiffs through sending them Court-approved notice of this action and letting them decide whether to seek unpaid overtime compensation under the FLSA, 29 U.S.C. § 216(b). As set forth below, Plaintiff far exceeds his low burden on this motion for conditional certification.

The FLSA collective plaintiffs consist of approximately 25 similarly situated current and former employees at Cocina Chente. *See* ¶ 32 of Plaintiff's Complaint (the "Compl.").

Plaintiff and the potential plaintiffs have been (and continue to be) victims of Defendants' policies and practices that have violated their rights under the FLSA by, *inter alia*, failing to pay Kitchen Workers. *See* ¶¶ 41-51 of the Compl. The declaration of Ruiz ("Ruiz Decl.") and the Compl. demonstrate that Defendants subjected Plaintiff and his fellow Kitchen Workers to the same unlawful wage practices

---

[1] Plaintiff originally brought this FLSA Collective action also on behalf of bartender and servers. At this point in time Plaintiff only brings this action on behalf of all cooks, food preparers and dishwashers ("Kitchen Workers").

All of these employees will benefit from prompt Court-authorized notice. To protect putative collective action members' rights and interests, and to promote judicial economy and effective case management, the Court should approve notice to be distributed to all covered employees. Notice is appropriate at this early, pre-disclosure, pre-discovery stage of the case, because the initial pleadings and preliminary evidence show that all covered employees are similarly situated. All covered employees work (or worked) as Kitchen at Cocina Chente owned by Defendants. Together, they were "victims of a common policy or plan that violated the law." *See Juarez v. 449 Restaurant, Inc.* 29 F. Supp. 3d 363, 371 (S.D.N.Y. 2014); *see also Wang v. Empire State Auto Corp.*, 2015 U.S. Dist. LEXIS 99089, at *11-12 (E.D.N.Y. June 29, 2015).

## STATEMENT OF FACTS

For approximately 3 years (the "Relevant Time Period") Defendants have been the owners of Cocina Chente. *See* ¶ 1 of Ruiz Decl.; *see also* ¶¶ 13, 17, 22, 28, and 39 of the Compl. Defendants control the rate of pay and work schedules for the employees of Cocina Chente. Defendants exercise sufficient control over Cocina Chente to be considered Plaintiff's and potential plaintiffs' employer under the FLSA and the NYLL. Defendants establish and maintain policies regarding pay practices and have the authority to hire and fire employees. *See* ¶¶ 13, 17, 22, and 27 of the Compl.

Plaintiff Ruiz worked as a cook at Cocina Chente from on or about July 24, 2017 through May 1, 2020. *See* ¶¶ 1 of Ruiz Decl.; *see also* ¶ 39 of the Compl. During the time period that Plaintiff worked for Defendants, he was never paid time and one-half for all work performed after 40 hours even though throughout his entire employment he worked more than 40 hours each week. Rather, Plaintiff was paid a flat weekly salary each week. See ¶¶ 7-9,10 of Ruiz Decl. *see also* ¶¶ 41-51 of Compl. Defendants never discussed with Ruiz overtime pay. *See* ¶ 5 of Ruiz Decl.

2

In his declaration, Finally, Ruiz listed three other similarly situated individuals who worked at Cocina Chente Mexican Cuisine. See ¶¶ 15-26 of Ruiz Decl. Ruiz describes the positions of these employees (one food preparer and cook and two dishwashers). Ruiz describes their work schedule, the flat week salary they received and the fact that they were paid in cash. All of these three individuals complained to Ruiz that they were not being paid correctly under the law. *See* ¶¶ 16, 21, 23, 25 of Ruiz Decl.

## ARGUMENT
## Conditional Certification and the
## Approval of Court-Authorized Notice Should be Granted

### A. Prompt Notice Would Serve the Goals of the FLSA

Through the allegations in the pleadings and the declaration of Ruiz, Plaintiff has demonstrated that restaurant workers employed by Defendants are subjected to the same illegal pay practices, and therefore are similarly situated. Allegations in the pleadings and declaration are sufficient to make this modest factual showing. *See Aguilo v. Vails Gate Cleaners Inc.*, 2020 U.S. Dist. LEXIS 114750, at *10 (S.D.N.Y. June 30, 2020) (certifying collective action based upon complaint and plaintiff's affidavit); *see Escano v. N.A. Produce and Grocery Corp.*, 2015 U.S. Dist. LEXIS 29785, at *2 (S.D.N.Y. March 11, 2015) ("moreover, a court may 'grant [] conditional collective certification based upon personal observations of one's affidavit") (*citing Hernandez v. Bare Burger Dio Inc.*, 2013 U.S. Dist. LEXIS 89254, at *7 (S.D.N.Y. June 25, 2014)).

The FLSA authorizes private parties to sue in federal court to recover damages. 29 U.S.C. § 201 *et seq.* In addition to bringing individual suits, aggrieved employees may bring a collective action "on behalf of themselves and other employees similarly situated." 29 U.S.C. § 216(b). Allowing FLSA suits to proceed as collective actions furthers the goal of judicial economy. Collective actions enable the "efficient resolution in one proceeding of common issues of law and

3

fact..." *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989). The alternative, a multitude of virtually identical individual suits, would burden courts unnecessarily and risk inconsistent judgments on claims arising from the same events and brought under the same laws.

To serve the "broad remedial purpose" of the FLSA, courts have the authority to notify potential opt-in plaintiffs of their chance to join an existing action early in the proceedings. *Hoffman-La Roche*, 493 U.S at 169; *Braunstein v. E. Photo Labs., Inc.*, 600 F.2d 335, 336 (2d Cir. 1978); *Cabrera v. Stephens*, 2017 U.S. Dist. LEXIS 160044, at *24-25 (S.D.N.Y. Sept. 28, 2017) *(citing Hernandez v. Immortal Rise, Inc.*, 2012 U.S. Dist. LEXIS 136556, at *6 (E.D.N.Y. Sept. 24, 2012)). This is the preferred method for managing collective actions, because "employees must receive timely notice in order for the benefits of the collective action to accrue." *Cruz v. Hook-SupeRx, L.L.C.*, 2010 U.S. Dist. LEXIS 81021, at *1 (S.D.N.Y. Aug. 5, 2010)).

Here, time is of the essence, because employees' claims are diminished or extinguished every day. Since the statute of limitations does not toll for a potential plaintiff until he or she opts into the action, early notice is essential. *Ruggles v. WellPoint, Inc.*, 591 F. Supp. 2d 150, 162 n.12 (N.D.N.Y. 2008). The Second Circuit "encourages the sending of notices to 'similarly situated' individuals." *Sipas v. Sammy's Fishbox, Inc.*, 2006 U.S. Dist. LEXIS 24318, at *1 (S.D.N.Y. Apr. 24, 2006) (*quoting Braunstein*, 600 F.2d at 336).

### B. Timely Notice is Crucial

Timely notice is especially important where there is the risk that employers may discourage other employees from joining the lawsuit. Courts regularly recognize that the "risk of coercion is so great" in the employer/employee relationship. *Martino v. Ecolab, Inc.*, 2016 U.S. Dist. LEXIS 19352, at *19 (N.D. Cal. Feb. 16, 2016). Timely notice will accurately inform workers at Cocina Chente about the case and will provide Plaintiff and the potential plaintiffs with access to covered

employees equal to that of Defendants. Without Court-supervised notice, captive current employees will remain vulnerable and misinformed.

The fact that none of Plaintiff's co-workers have joined the lawsuit yet is irrelevant. Current employees may hesitate to join a lawsuit against their employer for many reasons, such as fear of retaliation. *See Nahar v. Dozen Bagels Co.*, 2015 U.S. Dist. LEXIS 143839, at *14 (S.D.N.Y. Oct. 20, 2015) (*citing Pefanis v. Westway Diner, Inc.*, 2008 U.S. Dist. LEXIS 81082, at *4 (S.D.N.Y. Oct. 8, 2008)). Given the "broad remedial purpose of the [FLSA], which should be given a liberal construction," FLSA plaintiffs are not required to show that putative members of the collective action are interested in the lawsuit in order to obtain authorization for notice of the collective action to be sent to potential plaintiffs. *See Braunstein v. E. Photographic Labs., Inc.*, 600 F.2d 335 (2d Cir. 1978).

## C. Plaintiff and Potential Plaintiffs are Similarly Situated

Courts in the Second Circuit employ a two-step approach in adjudicating collective actions. At the initial "notice stage," the Court determines, on the basis of pleadings and affidavits, whether to notify potential opt-in plaintiffs that the case is pending. At this stage, to establish the existence of other employees who were "similarly situated," Plaintiffs must merely show a "'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'" *Ting Qiu Qiu v. Shanghai Cuisine, Inc.*, 2019 U.S. Dist. LEXIS 198794, at *5 (S.D.N.Y. Nov. 14, 2019); *see also Walston v. Edward J. Young, Inc.*, 2016 U.S. Dist. LEXIS 22084, at *12-14 (E.D.N.Y. Feb. 22, 2016); *see also Valerio v. RNC Indus, LLC*, 314 F.R.D. 61, 2016 U.S. Dist. LEXIS 37098, at *65-66 (E.D.N.Y. 2016). Consistent with this rule, conditional certification for FLSA collective actions has been granted in similar actions brought by employees for unpaid overtime against closely held businesses. *See Perez v. La Abundancia*

*Bakery & Restaurant Inc., et al.*, 2017 U.S. Dist. LEXIS 123550 (E.D.N.Y. Aug. 4, 2017); *see also Thornburn v. Door Pro Am., Inc.*, 2018 U.S. Dist. LEXIS 46164, at *39-40 (E.D.N.Y. Mar. 20, 2018) (conditional certification granted for garage door installers and technicians in all nationwide locations); *see also Enriquez v. Cherry Hill Market Corp.*, 2012 U.S. Dist. LEXIS 17036, at *1 (E.D.N.Y. Feb. 10, 2012) (granting conditional certification for grocery stockers against an individual who owned two separate supermarkets).

Other employees are "similarly situated" if they were subjected to the same policy or practice being challenged by plaintiffs in the litigation. *Gurrieri v. Cty. of Nassau*, 2019 U.S. Dist. LEXIS 87146, at *19-20 (E.D.N.Y. May 23, 2019) ("Plaintiffs have made a sufficient factual showing that they and the potential collective action members ... were together victims of a common compensation policy that violated the FLSA"); *see also Valerio*, 314 F.R.D. 61, at *65; *see also Rosario v. Valentine Ave. Disc. Store, Co.*, 828 F. Supp. 2d 508, 517 (S.D.N.Y. 2011) (authorizing notice to potential op-in plaintiffs from all stores owned by Defendants because "plaintiff has set forth the requisite 'modest factual showing' demonstrating a common policy or plan of denying minimum wages and overtime compensation extending to all of the stores"). Plaintiff does not have to show "an actual FLSA violation" at this stage, but rather only that "a 'factual nexus' exists between the [P]laintiff's situation and the situation of other potential plaintiffs." *Chui v. Am. Yuexianggui of Li LLC*, 2020 U.S. Dist. LEXIS 117296, at *13 (E.D.N.Y. July 2, 2020). As the court reasoned in *Siewmungal v. Nelson Management Group Ltd.*, there could be no reason why Defendants would treat Plaintiff differently than other employees at Cocina Chente with similar positions. *Siewmungal v. Nelson Management Group Ltd.*, 2012 U.S. Dist. LEXIS 28181, at *3 (E.D.N.Y. Mar. 3, 2012).

6

At the initial stage, the conditional certification motion "warrants lenient review." *Cruz*, 2010 U.S. Dist. LEXIS 81021, at *2. Accordingly, here, Plaintiff needs to make only a "modest factual showing" that he and other employees were victims of a common policy. *Scott v. Chipotle Mexican Grill, Inc.*, 954 F.3d 502, 515 (2d Cir. 2020) (*citing Glatt v. Fox Searchlight Pictures, Inc.*, 811 F.3d 528, 540 (2d Cir. 2015)). Courts apply a "relatively lenient evidentiary standard" and, after determining that the class is "similarly situated," "conditionally certif[y] the class and order[] notice to potential class members." *McGlone v. Contract Callers, Inc.*, 867 F. Supp. 2d 438, 442 (S.D.N.Y. 2012); *see also Ling Chen v. Asian Terrace Rest., Inc.*, 2020 U.S. Dist. LEXIS 126417 (E.D.N.Y. July 17, 2020). Courts grant conditional certification where plaintiffs "provide at least *some* level of factual detail with respect to similarly situated persons in the putative class;" however, courts have consistently denied conditional certification when they are "premised entirely on conclusory statements." *Francisco v. NY Tex Care, Inc.*, 2020 U.S. Dist. LEXIS 70119, at *8-9 (E.D.N.Y. Apr. 20, 2020). "Plaintiffs may satisfy [their] requirement by relying on their own pleadings, affidavits, declarations, or the affidavits and declarations of other potential class members." *Ramos v. DNC Food Serv. Corp.*, 2020 U.S. Dist. LEXIS 96123, at *6 (S.D.N.Y. June 2, 2020) (*citing Hallissey v. Am. Online, Inc.*, 2008 U.S. Dist. LEXIS 18387, at *1 (S.D.N.Y. Feb. 19, 2008)). Furthermore, at this initial stage "courts should not weigh the merits of the underlying claims." *Islam v. LX Ave. Bagels, Inc.*, 2019 U.S. Dist. LEXIS 173744, at *9 (S.D.N.Y. Sept. 30, 2019) (*citing Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651, 662 (S.D.N.Y. 2013)); *see also Krueger v. N.Y. Tel Co.*, 1993 U.S. Dist. LEXIS 9988, at *2 (S.D.N.Y. July 21, 1993) ("even if plaintiffs' claims turn out to be meritless or, in fact, all the plaintiffs turn out not to be similarly situated, notification at this stage . . . may enable more efficient resolution of the underlying issues . . .").

Accordingly, "extensive discovery is not necessary" at the initial stage. *Bodrul Islam v. BYO Co. (USA), Ltd.*, 2017 U.S. Dist. LEXIS 95798, at *10 (S.D.N.Y. June 20, 2017). In lieu of discovery, courts rely on the allegations set forth in the complaint and in employee declarations. *Cruz*, 2010 U.S. Dist. LEXIS 81021, at *1 ("Courts look at pleadings and affidavits in making th[e] determination [that plaintiffs and potential plaintiffs are similarly situated]"); *see also Shajanv. Barolo*, 2010 U.S. Dist. LEXIS 54581, at *1 (S.D.N.Y. June 2, 2010) (authorizing notice to restaurant workers based on pleadings and affidavits because "nothing more is needed at this stage"); *Rosario,* 828 F. Supp. 2d at 514 (authorizing notice to retail store workers based on plaintiffs' declarations because "the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations" at such an early stage.) *Hilaire v. Underwest Westside Operating Corp.*, 2020 U.S. Dist. LEXIS 27141, at *11 (S.D.N.Y. Feb. 17, 2020) (plaintiff met his "minimal" burden for court-authorized notice based on sworn declarations).

As set forth above, Plaintiff and potential plaintiffs who work or worked as restaurant workers at Cocina Chente owned by Defendants are similarly situated, because they are subjected to the same, uniformly-applied, illegal pay practices. Thus, conditional certification is appropriate.

## D. The Court Should Approve Plaintiff's Proposed Notice

Plaintiff's proposed notice is "timely, accurate, and informative," and the Court should approve it. *Hoffman-La Roche*, 493 U.S. at 166. Plaintiff's proposed notice also contains a conspicuous, unambiguous statement that Defendants are prohibited by law from retaliating against any worker that opts into the lawsuit. The language in Plaintiff's proposed notice may help alleviate the understandable fear current employees have of losing their jobs in this tough economic climate. Explaining to workers the FLSA's anti-retaliation protections is consistent with

the purpose of court-authorized notice: to apprise individuals of their rights and enable them to join the case. *See Calderon v. King Umberto, Inc.*, 892 F. Supp. 2d 456, 460 (S.D.N.Y. 2012) *(citing Pefanis*, 2008 U.S. Dist. LEXIS 81082, at *4 (S.D.N.Y. Oct. 8, 2008)) ("Current employees may hesitate to join a lawsuit against their employer for many reasons, such as fear of retaliation." Notice should be authorized "given the 'broad remedial purpose of the FLSA, which should be given a liberal construction'").

### E. The Court Should Require Defendants to Post the Notice at Cocina Chente

In addition to the notice that should be mailed to all potential plaintiffs, Defendants should be required to post the notice at Cocina Chente owned by Defendants in a location clearly visible to potential opt-in Plaintiffs. "Such posting at the place of employment of potential opt-in plaintiffs is regularly approved by Courts." *Khamsiri v. George & Frank's Japanese Noodle Rest. Inc.*, 2012 U.S. Dist. LEXIS 76660, at *6 (S.D.N.Y. June 1, 2012). This is necessary as many of the potential plaintiffs already have a pre-existing employment relationship in which the "risk of coercion is so great." *Martino v. Ecolab, Inc.*, 2016 U.S. Dist. LEXIS 19352, at *19 (N.D. Cal. Feb. 16, 2016).

### F. Discovery of Names, Addresses, Telephone Numbers and Social Security Numbers is Proper and Necessary Under Section 216(b)

It is appropriate for courts in collective actions to order the discovery of the names and contact information of potential collective members. *See e.g., Cuaya v. VI Development Group, LLC*, 2020 U.S. Dist. LEXIS 166324, at *36 (S.D.N.Y. Sept. 10, 2020); *see also Yuefeng Shi v. TL & CG Inc.*, 2020 U.S. Dist. LEXIS 142853, at *11-12 (S.D.N.Y. Aug. 10, 2020); *see also Jacob v. Duane Reade, Inc.*, 2012 U.S. Dist. LEXIS 11053, at *29 (S.D.N.Y. Jan. 26, 2012). "Courts in this District commonly grant requests for the production of names, mailing addresses, email

addresses, telephone numbers, and dates of employment in connection with the conditional certification of a FLSA collective action." *Martin v. Sprint United Mgmt. Co.*, 2016 U.S. Dist. LEXIS 352, at *60 (S.D.N.Y. Jan. 4, 2016); *see also Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474, 488 (S.D.N.Y. 2016).

Plaintiff requests that, in addition to entering an order granting conditional certification and approving Plaintiff's proposed notice, the Court order Defendants to produce within 10 days of its Order a computer-readable list of all non-managerial restaurant workers who were employed at Cocina Chente owned by Defendants at any point in the 3 years prior to the filing of this lawsuit along with the following information: name, last known mailing address, alternate address (if any), all known telephone numbers, Social Security number, and dates of employment at Cocina Chente.

## CONCLUSION

For the reasons stated herein, Plaintiff respectfully asks this Court to grant this motion for conditional certification and Court-authorized notice pursuant to Section 216(b) of the FLSA in its entirety.

Dated: January 11, 2021
New York, New York

Respectfully submitted,

*/s Jacob Aronauer*
Jacob Aronauer
The Law Offices Of Jacob Aronauer
225 Broadway, 3rd Floor
New York, NY 10007
(212) 323-6980
jaronauer@aronauerlaw.com

*Attorney for Plaintiff*