**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Sandy Ruiz, on behalf of himself and all other similarly
situated,

*Plaintiff*,

- against -

Truffa Pizzeria & Wine Room Corp. D/B/A Cocina
Chente Mexican Cuisine, and Moises Lopez Sr., Roma
Lopez, and Juan Rosario,
individually,

*Defendants*.

Case No: 1:20-cv-08645-LJL

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION
FOR CONDITIONAL COLLECTIVE ACTION CERTIFICATION**

Diana Y. Seo, Esq.
Hang & Associates, PLLC
136-20 38th Avenue, Ste 10G
Flushing, NY 11354
*Attorneys for Defendants*

# TABLE OF CONTENTS

I.     PRELIMINARY STATEMENT ................................................................................................ 1

II.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY ........................................................ 2

III.   ARGUMENT ...................................................................................................................... 4

    **A.    PLAINTIFF FILED TO SHOW THAT CONDITIONAL COLLECTIVE ACTION IS WARRANTED. ............................................................................................. 4**

       *1.    Plaintiff Failed to Proffer Sufficient "Factual Nexus" Between Him and The Putative Collective Action Members. ........................................................................................................................5*

       *2.    Plaintiff Failed to Show That Defendants Engaged in A Common Policy or Practice that Violated the FLSA. 10*

       *3.    Plaintiff Failed to Demonstrate that He is "Similarly Situated" with the Purported Putative Collective Action Members. ........................................................................................................................11*

    **B.    PLAINTIFF'S PROPOSED NOTICE OF PENDENCY IS OVERBROAD AND THE DISTRIBUTION THEREOF IS PREMATURE. ............................................................... 14**

IV.    CONCLUSION ................................................................................................................. 15

# <u>TABLE OF AUTHORITIES</u>

**CASES**

§ 1

Barfield v. New York City Health and Hospitals Corp., (No. 05-CV-6319) 2005 WL 3098730 *1 (S.D.N.Y. 2005)........12

Benavides v. Serenity Spa NY Inc., 166 F. Supp. 3d 474, 481 (S.D.N.Y. 2016) ..............................................................6

Bijoux v. Amerigroup N.Y., LLC, No. 14-CV-3891 (RJD)(VVP), 2015 U.S. Dist. LEXIS 96442, at *6 (E.D.N.Y. 2015) ......10

Cano v. Four M Food Corp., No. 08cv3005 (JFB) (AKT), 2009 WL 5710143, at *9 (S.D.N.Y. 2009)............................13

Colozzi v. St. Joseph's Hosp. Health Ctr., 595 F.Supp.2d 200, 207 (N.D.N.Y. 2009)......................................................4

Diaz v. Electronics Boutique of Am., Inc., 04-CV-0840E(SR), 2005 WL 2654270, at *10 (W.D.N.Y. Oct. 17, 2005) .......6

Fasanelli v. Heartland Brewery, Inc., 516 F.Supp.2d 317, 324 (S.D.N.Y. 2007).............................................................15

Gillian v. Starjem Rest. Corp., 10 CIV. 6056 JSR, 2011 WL 4639842 (S.D.N.Y. Oct. 4, 2011).........................................9

Hoffman- LaRoche, Inc. v. Sperling, 493 U.S. 165 (1989).............................................................................................4

Hoffmann v. Sbarro, Inc., 982 F. Supp. 249, 261 (S.D.N.Y. 1997..................................................................................7

Hoffmann v. Sbarro, Inc., 982 F. Supp. 249, 261 (S.D.N.Y. 1997) ..............................................................................10

Horne v. United Services Auto Ass'n, 279 F.Supp.2d 1231, 1234 (M.D. Ala. 2003).....................................................5

Levinson v. Primedia Inc., No. 02-CV-222 (CBM), 2003 WL 22533428, at *1-2 (S.D.N.Y. Nov. 6, 2003)......................6

Mike v. Safeco Ins. Co. of Am., 274 F. Supp.2d 216, 220 (D. Conn. 2003) ...................................................................5

Morales v. Plantworks, Inc., 2006 U.S. Dist. LEXIS 4267, at *3 (S.D.N.Y 2006) ...........................................................6

Myers v. Hertz Corp., 624 F.3d 537, 554 (2d Cir. 2010) .............................................................................................7

Myers v. Hertz Corp., 624 F.3d 537, 555 (2d Cir. 2010) ...........................................................................................4, 9

Myers v. Hertz Corp., 624 F.3d 537, 556 (2d Cir. 2010) .............................................................................................5

Romero v. H.B. Auto. Grp., Inc., 2012 U.S. Dist. LEXIS 61151, at *27 (S.D.N.Y. May 1, 2012) ...................................6

Rosario v. Valentine Ave. Disc. Store, Co., 828 F. Supp. 2d 508, 516 (E.D.N.Y. 2011) ...............................................14

Schear v. Food Scope Am., Inc., 297 F.R.D. 114 (S.D.N.Y. 2014)................................................................................15

Silva v. Calle 8, LLC, No. 12-CV-677 (ERK) (MDG), 2013 U.S. Dist. LEXIS 171696, 2013 WL 6330848, at *3 (E.D.N.Y. 2013)....................................................................................................................................................................6

Trinidad v. Pret A Manger (USA) Ltd., 962 F. Supp. 2d 545, 558 (S.D.N.Y. 2013) .....................................................14

Vasquez v. Vitamin Shoppe Indus. Inc., No. 10-CV-882-, 2011 WL 2693712, at *3 (S.D.N.Y. Jul. 11, 2011) .................4

Zeledon v. Dimi Gyro Llc, No. 15cv7301 (TPG) (DF), 2016 U.S. Dist. LEXIS 150526 (S.D.N.Y. Oct. 13, 2016). ..13

Zheng v. Good Fortune Supermarket Grp. (USA), Inc., No. 13-CV-60 (ILG), 2013 U.S. Dist. LEXIS 130673, at *17 (E.D.N.Y. 2013)..........................................................................................................................................................6

**STATUTES**

29 U.S.C. § 216(b) ....................................................................................................................................................10

29 U.S.C. 216(b) .........................................................................................................................................................7

I. **PRELIMINARY STATEMENT**

Defendants Truffa Pizzeria & Wine Room Corp. D/B/A Cocina Chente Mexican Cuisine ("Cocina Chente" or "restaurant"), and Moises Lopez Sr., Roma Lopez, and Juan Rosario, (collectively "Defendants") submit this memorandum of law in opposition to the motion of Plaintiff Sandy Ruiz ("Plaintiff") seeking conditional certification of this action as a collective action pursuant to Section 216(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.* Plaintiff filed his Motion on January 11, 2021.

> For (1) Conditional certification of the FLSA claim as a representative collective action pursuant to 29 U.S.C. § 216(b); (2) Court-facilitated notice of this FLSA action to covered employees; including a consent form (or opt-in form) as authorized by the FLSA; (3) Approval of the proposed FLSA notice of this action and the consent form; (4) Production of names, last known mailing address, alternate address, telephone numbers, Social Security numbers and dates of employment of all covered employees; and (5) Posting of the Notice, along with consent forms, in conspicuous locations at Cocina Chente. (See, Dkt No. 23).

In support of Plaintiff's Motion, he submitted his own declaration purports to show that Defendants failed to pay proper overtime compensation to "Kitchen Workers." (Dkt No. 26, page 5). However, neither of Plaintiff's declaration nor his motion supports his contention.

Moreover, Plaintiff did not even submit a single affidavit from any of the putative members named in his declaration. Instead, Plaintiff falsely and misleadingly asserted that "all of these three [putative collective] individuals complained" to him that the individuals "were not being paid correctly under the law." (Dkt No. 7, page 7). Plaintiff also attempted to enlarge the scope required to be considered as "similarly situated" by generalizing a cook, dishwasher, and food preparer as "Kitchen Workers" even though their job duties, work schedules, and rates of pay were different.

The Court should deny Plaintiffs' motion to conditionally certify this action as a collective action because Plaintiff, who were employed as a cook at Cocina Chente, located at 3535 Riverdale

1

Ave., Bronx, New York 10463, cannot establish that Cocina Chente engaged in any specific, uniform, common policy or practice in violation of FLSA that would justify collective certification; nor has Plaintiff met his burden of establishing that they are similarly situated to any other categories of employees at Cocina Chente, whom he seeks to represent. Further, Plaintiff failed to allege any fact supportive of an unlawful pay practice that applies uniformly to all kitchen workers, especially among the cooks, at Cocina Chente.

While Plaintiff asserted that Defendants' pay practices allegedly violate the FLSA as to him as a kitchen worker at Cocina Chente, he failed to demonstrate that it is appropriate to proceed as a representative action.

## II.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Sandy Ruiz commenced this suit on October 16, 2020, alleging, *inter alia*, unpaid overtime compensation in violation of both the FLSA and New York Labor Law ("NYLL"). Plaintiff is now seeking conditional certification as a representative action under Section 216(b) for his FLSA claims.

Plaintiff worked as a cook at Cocina Chente from on or about July 24, 2017 through May 1, 2020. (Dkt No. 25 ¶1). At Cocina Chente, there were only two cooks in the restaurant. One cook was primarily responsible for cooking the main dishes, making the "this week's specials" and handling kitchen supplies, while the other cook was handling other general menus. (Lopez Sr Decl. ¶5). Defendant Moises Lopez Sr. ("Defendant Lopez Sr."), a brother of Roma Lopez, was one of the two cooks with Plaintiff and they worked together at Cocina Chente. (Lopez Sr Decl. ¶¶3,6). As the cooks, Defendant Lopez Sr. was responsible for selecting and cooking the special menus, and Plaintiff was responsible for cooking other general menu items in the kitchen.

At Cocina Chente, there were other employees who worked in the kitchen, such as a dishwasher. (Cruz Decl. ¶6). Elido Cruz, one of the named former dishwashers named in Plaintiff's declaration, was responsible for putting the dirty dishes in the dishwasher whenever a busboy delivered the used dishes to him. Once all the dishes were washed, he brought the clean dishes to the kitchen. (Dkt No. 25 ¶22; Cruz Decl. ¶8).

Although dishwashers and cooks worked in the same kitchen, they all performed different duties and worked on different schedules, and received different rates of pay. (Cruz Decl. ¶¶6,7; Lopez Sr. Decl. ¶7). For instance, Plaintiff, a former cook at  Cocina Chente, alleged that he is "almost certain" that he worked more than 40 hours every week, "usually worked between 5 and 6 days per week" from 2:00 pm to 11:00 pm,  and was paid $500, $600, $650, or $800 per week from  on or about July 24, 2017 to through on or about May 1, 2020. (Dkt No. 25 ¶¶1,3,4,5-9). Defendant Lopez Sr., who worked with Plaintiff as a cook, regularly worked 3 or 4 days a week from 2:00 pm to 11:00 pm or from 11:00am to 5:00 pm with a one-hour break. Defendants Lopez Sr. was paid approximately $1,000 to $1,200 per week. (Lopez Sr. Decl. ¶¶6,9). Elido Cruz, a former dishwasher, normally worked 5 days a week from 2:00 pm to 11:00 pm with a one-hour break. He generally worked on the weekends because the restaurant was busy during that time. Despite that, he worked on the same work schedule on the weekends and was paid $120 per day. (Cruz Decl. ¶9). Although Plaintiff alleged in his declaration that Elido Cruz "would often complaint" to Plaintiff that he was working long hours but was not properly paid, Elido Cruz do not have any complaints regarding his employment at Cocina Chente, and he believes that he was properly paid (Dkt No. 25 ¶23; Cruz Decl. ¶14). Elido Cruz now lives in the Dominican Republic with his family and currently do not have any plans of moving back to the U.S., nor does he want to join in this instant action with Plaintiff. (Cruz Decl. ¶15).

3

### III.      <u>ARGUMENT</u>

**A.  PLAINTIFF FILED TO SHOW THAT CONDITIONAL COLLECTIVE ACTION IS WARRANTED.**

The Fair Labor Standards Act, 29 U.S.C. §§ 201–219 ("FLSA") permits an individual to bring an action for unpaid overtime or minimum wage on his or her own behalf "and other employees similarly situated." *Id.* at § 216(b). Whether the Court elects to intervene in these proceedings as Plaintiffs request is a matter committed to the Court's sound discretion in the management of its docket. *See, Hoffman- LaRoche, Inc. v. Sperling*, 493 U.S. 165 (1989). In *Hoffman- LaRoche*, the Supreme Court held that district courts "have discretion, in appropriate cases . . . to implement" the collective action mechanism under § 216(b) "by facilitating notice to potential plaintiffs." *Id.* at 169. Nonetheless, a court must take "a measured approach when addressing a request for collective action certification, mindful of the potential burden associated with defending against an FLSA claim involving a broadly defined collective group of plaintiffs." *Colozzi v. St. Joseph's Hosp. Health Ctr.*, 595 F.Supp.2d 200, 207 (N.D.N.Y. 2009); *See also Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010) (stating that although the plaintiff's conditional certification burden is "modest," it is not non-existent, and "cannot be satisfied simply by unsupported assertions."); *Vasquez v. Vitamin Shoppe Indus. Inc.*, No. 10-CV-882-, 2011 WL 2693712, at *3 (S.D.N.Y. Jul. 11, 2011) (stating, "certification "is not automatic.").

In Plaintiff's Motion for Conditional Certification, it asks the Court to exercise it judicial discretion to promote judicial economy and effective case management, to open this action to the parties sharing little in common other than they worked in the kitchen at Cocina Chente. Although Plaintiff must have had established that there is an "appropriate" case for judicial intervention, but he failed to do so.

4

In authorizing notice in *Hoffman-LaRoche*, the Supreme Court pointed to the systematic benefits derived from a process that permits the "efficient resolution in one proceeding of common issues of law and fact arising from the same alleged . . . activity." *Hoffman-LaRoche*, 493 U.S. at 170. "In other words, the court must be satisfied that there is a basis to conclude that questions common to a potential group of plaintiffs would predominate a determination of the merits in this case." *Mike v. Safeco Ins. Co. of Am.*, 274 F. Supp.2d 216, 220 (D. Conn. 2003). Not only must diverse members of the proposed collective action present common questions, those common questions must have common answers that are susceptible to resolution through representative proof. No collective action can be contemplated if every opt-in plaintiff must testify regarding his or her job duties. Absent such requisite commonality, "it is doubtful that § 216(b) would further the interests of judicial economy, and it would undoubtedly present a ready opportunity for abuse." *Horne v. United Services Auto Ass'n*, 279 F.Supp.2d 1231, 1234 (M.D. Ala. 2003).

The Second Circuit has expressly recognized that the issues involving class certification under Rule 23 and conditional certification under § 216(b) of the FLSA are "admittedly similar." *Myers v. Hertz Corp.*, 624 F.3d 537, 556 (2d Cir. 2010). Even if the district courts may apply a different burden of proof in assessing whether certification is appropriate at different stages of the litigation, nothing in the FLSA, or the precedent of the Supreme Court or the Second Circuit requires a lower or "minimal" standard to be met before notice is deemed appropriate. *Id.*

1.  **Plaintiff Failed to Proffer Sufficient "Factual Nexus" Between Him and The Putative Collective Action Members.**

Notice must be premised upon a "factual nexus" between Plaintiffs and their proposed "potential plaintiffs," that is "sufficient to demonstrate that [they] together were victims of a common policy or plan that violated the law[.]" *Diaz v. Electronics Boutique of Am., Inc.*, 04-CV-

5

0840E(SR), 2005 WL 2654270, at *10 (W.D.N.Y. Oct. 17, 2005). Indeed, courts have denied collective certification where the plaintiffs were unable to prove, beyond their own conclusive assertions, that they are similarly situated with the purported class. *Levinson v. Primedia Inc.*, No. 02-CV-222 (CBM), 2003 WL 22533428, at *1-2 (S.D.N.Y. Nov. 6, 2003).

Conclusory allegations are not sufficient to support a motion for conditional collective action certification. *Morales v. Plantworks, Inc.*, 2006 U.S. Dist. LEXIS 4267, at *3 (S.D.N.Y 2006); *Romero v. H.B. Auto. Grp., Inc.*, 2012 U.S. Dist. LEXIS 61151, at *27 (S.D.N.Y. May 1, 2012). When plaintiffs fail to meet this minimal requirement, their motion for conditional collective action certification will be denied. *Id.*; *See also, Silva v. Calle 8, LLC*, No. 12-CV-677 (ERK) (MDG), 2013 U.S. Dist. LEXIS 171696, 2013 WL 6330848, at *3 (E.D.N.Y. 2013) ("where plaintiffs fail to provide either evidentiary support, such as affidavits or supporting documents, or specific factual allegations, courts routinely deny conditional certification"). Plaintiffs must offer something of "evidentiary value" to demonstrate that similarly situated employees exist and, where plaintiffs "fail to meet this minimal requirement, their motion for [conditional collective action] certification [will be] denied." *Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474, 481 (S.D.N.Y. 2016) (quoting *Morales*, 2006 U.S. Dist. LEXIS 4267, at *3).

Courts in this Circuit have repeatedly rejected certifying collective action when the plaintiff has failed to meet her burden by offering nothing but cookie-cutter conclusory allegations. *See e.g., Zheng v. Good Fortune Supermarket Grp. (USA), Inc.*, No. 13-CV-60 (ILG), 2013 U.S. Dist. LEXIS 130673, at *17 (E.D.N.Y. 2013) (denying collective certification where named plaintiff, a supermarket clerk, alleged similarly situated employees with "conclusory and unsubstantiated statements" as she failed to identify any such employee by name); *cf. Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474, 481 (S.D.N.Y. 2016) (granting collection motion where plaintiff has

alleged sufficient facts to support conditional certification because the named plaintiff provided the names of five other nail technicians and message therapists with whom she worked, noted the time and circumstance of her conversations with the fived named co-workers, and proffered defendants' payroll records, wage statements, and wage-and-hour notices listing additional 12 employees). In this Circuit, to warrant certification of collective action under Section 216(b) of FLSA, a plaintiff must provide sufficient factual support amounting to a "modest" showing that herself and potential opt-in plaintiffs "'together were victims of a common policy or plan that violated the law.'" *See Myers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010) *quoting, Hoffmann v. Sbarro, Inc.,* 982 F. Supp. 249, 261 (S.D.N.Y. 1997)

Plaintiff alleged that Defendants did not have proper time keeping policies and did not pay proper overtime wages, and subjected Plaintiff and his follow Kitchen Workers to the same unlawful wage practices; and therefore, "the Court should approve notice to be distributed to all covered employees. (Dkt No. 26, pages 1-2). In support of these allegations, Plaintiff provided his own declaration that purport to substantiate these allegations. (*See generally*, Dkt No. 25). However, Plaintiff's single declaration failed to provide sufficient evidence of injury to potential putative collective action members and does not show sufficient factual nexus between him and the putative collective action members. Instead, Plaintiff made unsupported assertions as to the complaints of other employees who worked in the Kitchen with Plaintiff. Plaintiff was a cook, specifically responsible for cooking general menus only, but he proposed the putative members that would include dishwashers, food preparers, and cooks. (Dkt No. 26 page 5; Dkt No. 25 ¶¶ 17,20,22,24). However, Plaintiff's Motion failed to demonstrate how the alleged violations of the Fair Labor Standards Act injured the putative collective members.

Plaintiff alleged that he often preformed duties "off the clock," such as picking up food supplies before or after his scheduled work shift, and Defendants did not have a time clock machine. (Dkt No. 25 ¶¶ 11,14). The declaration was made by Plaintiff himself, who worked as a cook for cooking general dishes. Plaintiff cannot reliably speak on behalf of other employees who merely worked in the kitchen but performed different duties, worked on different schedules, and received different rates of pay such as dishwashers and food-preparers. Time keeping practices may vary depending on the positions, and their job duties may require more or less hours worked on different schedules. Plaintiff stated that his co-workers frequently complained to him about their compensation and hours without providing any of the co-workers verification. Plaintiff's assertion is not only self-serving and unreliable, but it is apparently false and misleading. (*See*, Cruz Decl. ¶¶13, 14).

Similarly, Plaintiff alleged that Defendants failed to property pay all of the three former employees who worked in the kitchen in Cocina Chente. (Dkt No. 26, pages 2-3). Plaintiff claimed that "all covered employees work (or worked) as Kitchen [workers] at Cocina Chente were "victims of a common policy or plan that violated the law," and he made unwarranted baseless presumption that that the "current employee may hesitate to join a lawsuit against their employer for many reasons, such as fear of retaliation." (*Id*. at pages 2,5). Plaintiff's claims were subtitled through his own declaration that the three named employees frequently discuss wages and unpaid overtime and they are "upset." (*Id.* at page 3). However, absent verification from the individuals, Plaintiff's statements are self-serving and unreliable. Indeed, one of the named individuals provided a declaration contradicting Plaintiff's claims.  (*See generally*, Cruz Decl.).

In sum, Plaintiff did not only offer insufficient evidence that Defendants' alleged practice of not paying Cocina Chente's employees overtime compensation extended to other employees

who worked in the kitchen, but fabricated the employee(s)' complaints at least as to one of the named individuals, Elido Cruz. Plaintiff further falsely alleged the other named employees' job title as cook to mislead the Court to consider them as "similarly situated" to Plaintiff. Conditional certification under 216(b) requires a finding of putative opt-in plaintiffs " 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred." *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010). Whether this alleged unlawful conduct violated the minimum wage and overtime provisions of the FLSA, however, depends on the number of hours each individual worked on a shift, as well as the number of hours each individual worked in a week. *See generally, Gillian v. Starjem Rest. Corp.*, 10 CIV. 6056 JSR, 2011 WL 4639842 (S.D.N.Y. Oct. 4, 2011) (rejecting a similar attempt at conditional certification where there existed no common thread among putative opt-in plaintiffs regarding hours worked). Plaintiff misrepresented that Claston was a cook like Plaintiff, and Alexis was also a cook and a food-preparer at Cocina Chente. (Dkt No. 25, ¶¶17,20). However, Plaintiff did not provide any of the individuals declaration. Indeed, one of the named individuals provided a verification to support Defendants' opposition that he performed different duties and worked on different schedules than Plaintiff, and he believes that was properly paid during his employment at Cocina Chente. (Cruz Decl. ¶¶7, 14). Furthermore, contrary to Plaintiff's allegations that Claston and Alexis worked as a cook like Plaintiff, Moises was the only other cook who worked with Plaintiff although they performed different tasks as cooks. (R.Lopez Decl. ¶10). Claston worked at Cocina Chente as a dishwasher. (R.Lopez Decl. ¶7). Alexis worked as a part-time dishwasher and a part-time line-cook and he generally worked approximately 2 days as a dishwasher and worked approximately 3 days as a line-cook especially when the restaurant was busy. (R.Lopez Decl. ¶9). Almost everyone who worked in Cocina Chente worked on different schedules based on their job duties and availabilities

9

and received different rates of pay. (R.Lopez Decl.¶11). As such, Plaintiff's statements alleging Defendants' violations were sorely based on his inaccurate personal knowledge. Furthermore, his self-serving declaration is not only insufficient to grant conditional certification, but it is clearly false and misleading.

2.   **Plaintiff Failed to Show That Defendants Engaged in A Common Policy or Practice that Violated the FLSA.**

The threshold issue in deciding whether to authorize class notice in an FLSA action is whether plaintiffs have demonstrated that potential class members are "'similarly situated.'" *Hoffmann v. Sbarro, Inc.,* 982 F. Supp. 249, 261 (S.D.N.Y. 1997) (*quoting,* 29 U.S.C. § 216(b)). To meet this burden, plaintiffs must at least make a facially adequate showing that putative members of the collective are similarly situated "with respect to the FLSA violations [the named plaintiff] allege[s] — not other factors." *Bijoux v. Amerigroup N.Y., LLC,* No. 14-CV-3891 (RJD)(VVP), 2015 U.S. Dist. LEXIS 96442, at *6 (E.D.N.Y. 2015).

In this case, Plaintiff failed to allege that he and the putative class of potential collective members are subject to any unlawful policy. The lone evidence Plaintiff proffered to support his motion is a single affidavit of the Plaintiff's. Plaintiff alleged that he was not paid overtime; (Dkt No. 25 ¶10); and that he was not provided with paystubs (Dkt No. 25 ¶13). Yet none of the Plaintiff's statements showed that there was a company-wide policy, encompassing Cocona Chente, of not properly paying it employees, i.e., potential plaintiff, overtime or providing them with paystubs. Plaintiff simply stated that " 'we' would frequently discuss wages and the fact that 'we' were not paid overtime with my 'co-workers' " and they "frequently complained" to Plaintiff, without providing any details of said conversations such as their identity, time, or context. (Dkt No. 25¶ ¶16,20,23). Plaintiff also failed to provide an estimate of the size of the putative class even

10

though he asserted that he worked as a cook and he frequently had the discussions with the broadly defined individuals, allegedly, his "co-workers." (Dkt No.25¶ ¶16).

In other words, nothing in Plaintiff' declaration establishes that Plaintiff alleged with sufficient specificity that a factual nexus exists between the alleged violations of the FLSA experienced by Plaintiff and Defendants' payroll practice as applied to his "co-workers" and/or his fellow "Kitchen Workers" at Cocina Chente. (*Id*.; Dkt No. 26, page 5).

3.    **Plaintiff Failed to Demonstrate that He is "Similarly Situated" with the Purported Putative Collective Action Members.**

Plaintiff seeks to include in the collective "kitchen workers" such as dishwashers, food-preparers, and cooks. The named Plaintiff in this case was a cook performing certain tasks such as cooking general menu items. Although there was another cook that worked at Cocina Chente, the position that Plaintiff hold as a cook was not similarly situated with other groups of employees such as a dishwasher or line-cook. As such, conditional certification should not be granted. The purported class is overtly overbroad in compared to Plaintiff's factual support offered. Plaintiff purports to represent all current and former employees who were employed as a cook, dishwasher, or food preparer, collectively referred to as "Kitchen Workers."  (Dkt No.24, page 3).

However, Plaintiff failed to identify <u>any</u> of the <u>cooks </u>who he "knows" were subject to the same pay practices based on his unspecified "discussions" with the putative members or their "complaints" made to Plaintiff.   (Dkt No.25 ¶¶16,17,21,23).  In contrary to Plaintiff's statements, one of the named individual was worked as a dishwasher although Plaintiff falsely alleged that "Claston, like me, was a cook, at Cocina Chente." (Dkt No.25 ¶¶17; *compare,* R. Lopez Decl. ¶7). Furthermore, Elido Cruz, one of other individuals Plaintiff alleged that he often complained to

Plaintiff regarding his working hours and overtime pay, verified that Plaintiff's allegations are false. (Cruz Decl. ¶¶9,12,13,14).

Plaintiff cannot represent all of the "Kitchen Workers" such as dishwashers, line-cooks, and other cooks because the rate of pay, hours worked, general employment conditions differed amongst these positions differed. Again, Plaintiff was a cook who prepared general menu items only. The rest of the kitchen staff and dishwashers worked in a different roles within the restaurant and Plaintiff is not similarly situated with the Kitchen Workers. As such, conditional certification is inappropriate.

Moreover, Plaintiff has not produced any evidence that can be possibly construed adequate to show that all Kitchen Workers at Cocina Chente  were subject to the same unlawful policy of overtime violations. Plaintiff made ambitious but baseless assertion, that he "frequently discuss wages and the fact that we were not paid overtime" without identifying who and what he "frequently discussed with/of." (Dkt No. 25 ¶16). Not only his statement is hearsay, but Plaintiff failed to correctly allege any facts pertaining to  pertaining to pay practices regarding the kitchen workers, i.e., he did not correctly identify any cooks, misleadingly alleged specific facts about the dishwasher's pay practice or the number of hours the kitchen worker worked, and lacked general sense of the size of the kitchen workers.   The Courts have denied motions for conditional class certification where the plaintiff relies only on generalized hearsay statements. *See, Barfield v. New York City Health and Hospitals Corp.*, (No. 05-CV-6319) 2005 WL 3098730 *1 (S.D.N.Y. 2005) (denying conditional class certification where the plaintiff "presents nothing but limited anecdotal hearsay to suggest that there is a widespread practice" of illegal pay practices).

Additionally, Plaintiff failed to correctly identify his "co-workers" and all "Kitchen Workers" even though he seeks to represent them all. Specifically, Plaintiff did not aver any "facts"

12

regarding other categories kitchen workers such as cooks. Although Courts may conditionally certify collectives of individuals with various occupations, hours, and pay rates, plaintiff must show that the purported class are subject to a common unlawful policy. *See Cano v. Four M Food Corp.*, No. 08cv3005 (JFB) (AKT), 2009 WL 5710143, at *9 (S.D.N.Y. 2009) ("Even though plaintiffs are certainly not required to show that they are identically situated, or that they possess the same attributes with respect to their job, they are required to show that they are subject to the same common policy or plan by defendants.").

The *Zeledon* Court held that plaintiff deliveryman's affidavit failed to make a modest showing that cooks are similarly situated with him even he identified seven of them by name. *Zeledon v. Dimi Gyro Llc*, No. 15cv7301 (TPG) (DF), 2016 U.S. Dist. LEXIS 150526 (S.D.N.Y. Oct. 13, 2016). In *Zeledon*, the Court reasoned that the plaintiff's allegation that cooks shared similar schedule with him, a deliveryman, "too vague to be meaningful" because he failed to specify whether cooks were paid salary or hourly even though he provided estimates of cooks' hours and weekly pay and "was aware of their hours." *Id.* at *12.   Comparatively, in this case, Plaintiff did not provide any information that is remotely sufficient to support a finding that Plaintiff, as a cook, was subject to the same unlawful pay policy or plan as other kitchen workers. Even if the Court should consider the hearsay statement concerning the alleged "co-workers" discussions with Plaintiff, it still lacks the level of specificity required for the "similarly situated" analysis discussed above. In short, Plaintiff has not shown a sufficient factual nexus between him and any other Defendants' non-exempt employees, such as dishwashers and line-cooks.

In sum, Plaintiff is not similarly situated with the kitchen workers at Cocona Chente because he failed to demonstrate that the workers were all subject to the same alleged unlawful policy or plan of overtime violations. *See Trinidad v. Pret A Manger (USA) Ltd.,* 962 F. Supp. 2d

13

545, 558 (S.D.N.Y. 2013) *(citing, Rosario v. Valentine Ave. Disc. Store*, Co., 828 F. Supp. 2d 508, 516 (E.D.N.Y. 2011)). Even if Plaintiff is entitled to conditional certification, it should not extend past other cooks, as different positions at Cocina Chente had different wages and work schedules, and general conditions of employment.

### B. PLAINTIFF'S PROPOSED NOTICE OF PENDENCY IS OVERBROAD AND THE DISTRIBUTION THEREOF IS PREMATURE.

Plaintiff's proposed notice is premature because the precise scope and extent of the putative class that Plaintiffs purport to represent is, at the very least, to be determined by the Court. Nonetheless, the proposed notice of pendency is facially over broad because it purports to provide notice to all current and former "Kitchen Workers" at Cocina Chente (Dkt No. 24, page 4). However, Plaintiff was a specific type of cook who worked in the kitchen. (Lopez Sr. Decl. ¶¶3,5; R.Lopez Decl. ¶10). Plaintiff provided his own declaration which contained no specific factual allegations that could give rise to an inference that there exists a company-wide unlawful policy that encompasses <u>all</u> kitchen workers of the restaurant. He did not provide any single declaration of any of the named putative collective members. Instead, Plaintiff misrepresented the facts stated in his own affidavits at least as two of the named individuals, Elido Cruz and Claston.

Accordingly, at its broadest, the scope of individuals to be sent the notice should include only cooks at Cocina Chente. Plaintiff did not mention or identify any other employees who worked outside the kitchen. Similarly, Plaintiff failed to demonstrate that individuals holding other positions, namely dishwashers, cooks, chefs, line-cooks, or, bus boys,  in Cocina Chente were subject to the same alleged pay practices. As such, the proposed notice is unmistakably overbroad. Were the Court to grant Plaintiff's request for distribution of said notice, the Collective should be defined to include cooks at Cocina Chente only.

14

Plaintiff should be required to disclose attorney's fees information in their proposed notice of pendency. Specifically, Plaintiff's counsel should be required to disclose the fee arrangement between him and any prospective plaintiffs, as well as the percentage of any recovery that would be paid as attorney fees from any recovery by opt-in plaintiffs. *See, Fasanelli v. Heartland Brewery, Inc.*, 516 F.Supp.2d 317, 324 (S.D.N.Y. 2007) (holding that final notice must include statement regarding the fee arrangement agreed to by named plaintiff and his attorneys, because such arrangement could have an impact on any recovery by opt-in plaintiffs). The language, as set forth by Plaintiff's counsel, does not disclose the fee arrangement and does not provide potential opt-ins with sufficient information regarding the attorney-client relationship they may be engaging in.[1] Instead, the proposed notice directs the potential opt-ins to contact Plaintiff's attorney "free of charge" if they any have questions. (Dkt No. 24, Exhibit A¶5).

Moreover, the proposed notice includes all employees who worked three years from the present.  As the Plaintiffs have failed to set forth any evidence whatsoever that Defendants' conduct was willful, the collective action period should only be two years, not three.  *See, Schear v. Food Scope Am., Inc.*, 297 F.R.D. 114 (S.D.N.Y. 2014) (applying a two-year statute of limitations period where Plaintiff had not provided evidence supporting a finding of a willful violation).

### IV.      <u>CONCLUSION</u>

For the reasons set forth above, Defendants respectfully request that this Court deny Plaintiff's Motion in its entirety.

---

[1] See Proposed Notice of Collective Action Lawsuit filed as Exhibit A of Declaration of Jacob Aronauer. (Dkt No. 24).

15

Dated: February 8, 2021
       Flushing, New York

Hang & Associates, PLLC

By:_____/s/ *Diana Seo*_____
Diana Y. Seo, Esq.
136-20 38th Avenue, Ste 10G
Flushing, NY 11354
Phone: (718) 353-8588
Email:dseo@hanglaw.com
*Attorneys for Defendants*

16