UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  2/15/2021
```

-------------------------------------------------------------------X
                                          :

SANDY RUIZ, on behalf of himself and all others     :
similarly situated,
                                            :

                            Plaintiffs,       :                20-cv-8645 (LJL)
                                            :

                          -v-                   :           OPINION AND ORDER
                                            :

TRUFFA PIZZERIA & WINE ROOM CORP. d/b/a     :
COCINA CHENTE MEXICAN CUISINE, et al.,
                                            :

                           Defendants.       :
                                            :
-------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

       Plaintiff Sandy Ruiz ("Plaintiff" or "Ruiz") moves for conditional certification of a

collective action under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA").  Dkt.

No. 23.  For the following reasons, the Court: (1) grants the motion for conditional certification;

(2) approves the proposed court-facilitated notice to the collective, with the additional language

requested by the Court; and (3) grants in part and denies in part Plaintiff's motion for discovery

of the contact information of the collective.

## BACKGROUND

       Plaintiff was employed from or about July 24, 2017 until May 1, 2020, as a cook at

Cocina Chente Mexican Cuisine ("Cocina Chente"), a Mexican restaurant run by Defendants

Truffa Pizzeria & Wine Room Corp. d/b/a Cocina Chente, Moises Lopez Sr. ("Lopez Sr."),

Roma Lopez ("Roma Lopez"), and Juan Rosario ("Rosario") (collectively, "Defendants").  He

alleges that throughout the majority of his employment with Defendants, he was regularly

scheduled to work more than 40 hours each week without a meal break and between five and six

days per week.  Dkt. No. 1 ("Compl.") ¶¶ 41-42, 44.  He also alleges that he was paid a flat

weekly salary that was not inclusive of overtime and that was always paid in cash.  *Id.* ¶¶ 45-47.

He also alleges that he was often asked to perform duties off the clock, before and after his

scheduled work shift, that Defendants never discussed overtime compensation or overtime work

with him, and that he never received any written record of his regular and/or overtime hours

worked.  *Id.* ¶¶ 52-54.

On October 16, 2020, he brought this action asserting claims on behalf of himself and all

others similarly situated to recover unpaid overtime compensation under the FLSA and the New

York Labor Law ("NYLL").  He asserts four causes of action: (1) failure to pay overtime

compensation in violation of FLSA; (2) failure to pay overtime compensation in violation of

NYLL; (3) failure to provide annual wage notices in violation of NYLL; and (4) failure to

provide wage statements in violation of NYLL.  *Id.* ¶¶ 59-77.

Ruiz brings the action on behalf of himself and "approximately 25 similarly situated

current and former cooks, food prep workers, dishwashers, servers and bartenders" who have

worked for Cocina Chente in the three-year period prior to the filing of the complaint (the

"FLSA Collective").  *Id.* ¶¶ 1, 31-32.  He alleges that members of the FLSA Collective were

"victims of Defendants' common policy and practices that have violated their rights under the

FLSA by, *inter alia*, willfully denying them overtime wages."  *Id.* ¶ 32.  He further alleges that

"[a]s part of their regular business practice, Defendants . . . engag[ed] in a pattern and/or policy .

. . [that] includ[ed], *inter alia*, . . . failing to pay employees the applicable overtime rate for all

time worked in excess of forty (40) hours per week" and engaged in that conduct "pursuant to a

corporate policy of minimizing costs and denying employees legally required compensation."

*Id.* ¶¶ 33-34.

On January 1, 2021, he filed the instant motion under 29 U.S.C. § 216(b) seeking (1) conditional certification of a FLSA collective action; (2) court-facilitated notice of the FLSA action to covered employees; (3) approval of the proposed notice of the action and consent form; (4) production of certain information with respect to the covered employees; and (5) posting of the notice, along with the consent forms, in conspicuous locations at Cocina Chente.  Dkt. No. 23.  The motion is directed to cooks, food preparers, and dishwashers as members of the FLSA collective.  Dkt. No. 26 at 1 n.1, 5.  The motion is supported by a declaration of Ruiz under penalty of perjury.  Ruiz declares that Defendants dictated his work schedule and the schedules of other employees at Cocina Chente and that he is "almost certain that every week" he worked for Defendants, he worked more than 40 hours per week, usually working nine hours a day without a lunch break, and did not receive overtime pay.  Dkt. No. 25 ¶¶ 2-10.  Moreover, throughout Ruiz's employment, "Defendants did not have a time clock machine" and Ruiz "was not required to clock a machine when [he] arrived and left work or sign a notebook."  *Id.* ¶ 14.

Ruiz also swears that he would frequently discuss with the other restaurant workers the fact that they were not paid overtime.  *Id.* ¶ 16.  He offers specific information:  A cook named Claston "complained to [Ruiz] that he was not being paid correctly multiple times. . . . [i.e.,] that he was working long hours but not getting paid overtime."  *Id.* ¶ 17.  Claston worked at Cocina Chente from 2019 through 2020, six days per week, from 2:00 p.m. until approximately 11:30 p.m.  *Id.* ¶¶ 18-19.  Alexis, a food preparer and cook at Cocina Chente, complained to Ruiz numerous times that he was not being paid correctly.  He worked six days per week from 2:00 p.m. to approximately 11:00 p.m. and was paid only $600 per week.  *Id.* ¶¶ 20-21.  Ruiz also declares that dishwashers at Cocina Chente were not paid correctly.  For example, Elido Cruz ("Cruz") worked at Cocina Chente from 2019 through 2020 and complained to Ruiz that he was

working long hours without being paid overtime.  He worked six days per week from 2:00 p.m. to approximately 11:30 p.m. but was paid only $540 per week.  *Id.* ¶¶ 22-23.  Jose Perez ("Perez") worked as a dishwasher from 2017 to 2018 at Cocina Chente and discussed with Ruiz that he was not being paid correctly and should be getting overtime.  *Id.* ¶ 24.  Like Cruz, he worked six days per week from 2:00 p.m. to approximately 11:30 p.m. but was paid only $540 per week.  *Id.*  All of these individuals, like Ruiz, were paid only in cash.  *Id.* ¶ 26.

Defendants submit four declarations in opposition to the motion for conditional certification.  *See* Dkt. Nos. 30-33.[1]  Lopez Sr. declares under penalty of perjury that he has worked at Cocina Chente since 2017 and that there were only two cooks in the restaurant; he was one of the cooks and Ruiz was the other cook.  Dkt. No. 31 ¶¶ 4-6.  He states that he and Ruiz performed different duties, work on different schedules, and received different rates of pay.  *Id.* ¶ 7.  A second declaration was submitted by Roma Lopez, who has been the manager of Cocina Chente since 2017.  Dkt No. 32 ¶ 3.  Roma Lopez also declares that there were only two cooks at the restaurant—Lopez Sr. and Ruiz—and that there was an additional part-time line-cook— Alexis—and several dishwashers in the kitchen.  *Id.* ¶¶ 4-5, 9.  The employees "perform different duties in different areas of the restaurant" and "worked on different schedules based on their job duties and availabilities and received different rates of pay."  *Id.* at ¶¶ 4, 11.  Roma Lopez states that Claston was a dishwasher until he moved to North Carolina (as opposed to Ruiz's contention that he was a cook), Cruz was also a dishwasher, and Alexis was a part-time dishwasher and part-time line-cook (as opposed to Ruiz's contention that he was a cook).  *Id.* ¶¶ 7-9.  Roma Lopez states that Alexis never worked as a cook and that he worked approximately five days per

---

[1] The fourth declaration was submitted by Defendants' counsel to introduce the three substantive declarations.  Dkt. No. 30.

week: two days as a dishwasher and three days as the part-time line-cook.  *Id.* ¶ 9.  Roma Lopez states that Cruz normally worked five days per week from 2:00 p.m. until 11:00 p.m. with a one-hour break and was paid $120 per day for the weekend shift.  *Id.* ¶ 13.

The third declaration was submitted by Cruz, who declares under penalty of perjury that he worked as a dishwasher at Cocina Chente from 2019 to 2020 before he moved to the Dominican Republic.  Dkt. No. 33 ¶¶ 4-5.  He states—in the same language as used in the Roma Lopez declaration—that he worked five days per week from 2:00 p.m. to 11:00 p.m. with a one-hour break.  *Id.* ¶ 9.  He denies having complaints about his employment and expresses concern that Ruiz is "planning to hurt" his "friend" Lopez Sr.  *Id.* ¶¶ 14-15.  He states that he performed completely different tasks than Ruiz, who was a cook, and he worked on a different schedule.  *Id.* ¶ 11.

## DISCUSSION

Section 216(b) of the FLSA permits an employee aggrieved by a violation of the statute to maintain an action against any employer "for and in behalf of himself or themselves and other employees similarly situated."  29 U.S.C. § 216(b).  It follows from that language that district courts have the authority to certify a FLSA lawsuit for collective action on a conditional basis.  "Section 216(b)'s affirmative permission for employees to proceed on behalf of those similarly situated must grant the court the requisite procedural authority to manage the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure."  *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989); *see also Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 75 n.1 (2013) (characterizing section 216(b) as a "joinder process").  "[D]istrict courts have discretion, in appropriate cases, to implement [Section 216(b)] by facilitating notice to potential plaintiffs."  *Hoffman-La Roche*, 493 U.S. at 169.

The Second Circuit has endorsed a two-step method to determine whether a case should proceed as a collective action under FLSA. *See Myers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010). In the first step, the court makes "an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs." *Id*. at 555. Plaintiffs need only "make a 'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'" *Id*. (quoting *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997)). Mere "unsupported assertions" are not sufficient to pass the first step, but it "should remain a low standard of proof because the purpose of the first stage is to merely to determine *whether* 'similarly situated' plaintiffs do in fact exist." *Id*. (quoting *Dybach v. Fla. Dep't of Corr.*, 942 F.2d 1562, 1567 (11th Cir. 1991)). At the second step, "the district court will, on a fuller record, determine whether a so-called 'collective action' may go forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs." *Id*. The "similarly situated" analysis is "quite distinct" from "the much higher threshold of demonstrating that common questions of law and fact will 'predominate' for Rule 23 purposes." *Id.* at 556.

Plaintiff's burden at the conditional certification stage is "minimal." *Amador v. Morgan Stanley & Co. LLC*, 2013 WL 494020, at *4 (S.D.N.Y. Feb. 7, 2013). "Plaintiffs can meet this burden by showing that 'there are other employees who are similarly situated with respect to their job requirements and with regard to their pay provisions.'" *Fraticelli v. MSG Holdings, L.P.*, 2014 WL 1807105, at *1 (S.D.N.Y. May 7, 2014) (quoting *Hertz*, 624 F.3d at 555). However, "[w]hile plaintiff's burden at this stage is modest, it is not non-existent." *Khan v. Airport Mgmt. Servs. LLC*, 2011 WL 5597371, at *5 (S.D.N.Y. Nov. 16, 2011).

If this Court determines that "similarly situated" employees exist, it will conditionally certify the collective and order that appropriate notice be given to members of the FLSA collective to afford them the opportunity to opt into the action. *See Cunningham v. Elec. Data Sys. Corp.*, 2010 WL 5076703, at *5 (S.D.N.Y. Dec. 13, 2010); *see also Lynch v. U.S. Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007) ("Once notice is accomplished, the action proceeds as a collective action throughout the discovery process."). At the second stage, after discovery is completed, this Court will, "on a fuller record, determine whether a so-called 'collective action' may go forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs," and "[t]he action may be 'decertified' if the record reveals that they are not, and the opt-in plaintiffs' claims may be dismissed without prejudice." *Hertz*, 624 F.3d at 555.

### A.  Ruiz Has Made the Modest Showing Necessary for Conditional Certification

Ruiz has made the "modest" showing necessary to establish that he and the other kitchen workers were similarly situated. Cocina Chente was and is, by all accounts, a small enterprise with a limited number of employees, some of whom performed multiple duties and all of whom were paid in cash. Plaintiff has put forward evidence, in the form of a declaration, that names specific individuals who, regardless of the particular function that employee had in the kitchen, were asked to work more than eight hours a day and more than 40 hours per week without being paid overtime. Ruiz has identified cooks, food preparers, and dishwashers all of whom—like Ruiz himself—worked more than eight hours a day and more than forty hours per week without overtime. He has testified to his conversations with and observations of coworkers in a small shop. *See Mendoza v. Ashiya Sushi 5, Inc.*, 2013 WL 5211839, at *5-6 (S.D.N.Y. Nov. 25, 2013) (granting conditional certification based on affidavit of plaintiff's observations and conversations with others and observing "'courts regularly rely on . . . hearsay statements in

determining the propriety of sending notice' in FLSA conditional collective action certifications") (quoting *Salomon v. Adderley Indus., Inc.*, 847 F. Supp. 2d 561, 563 (S.D.N.Y. 2012)); *Liping Dai v. Lychee House, Inc.*, 2018 WL 4360772, at *8 (S.D.N.Y. Aug. 29, 2018) (holding that an attestation by plaintiffs of their observations and coworkers' complaints is sufficient to support conditional certification) (citing cases).  Defendants uniformly paid the kitchen workers a flat rate and did not have a "method of tracking their employees' time . . . suggesting they did not have a means of calculating overtime for anyone." *Ramos v. DNC Food Serv. Corp.*, 2020 WL 2832776, at *6 (S.D.N.Y. June 1, 2020).  It therefore is reasonable to believe that all kitchen workers were similarly situated.  *See id.*

Defendants have three responses.  None is successful at this stage.  First, Defendants note repeatedly that Plaintiff's evidence comes in the form only of a declaration from Plaintiff himself and that it is "absent verification from the individuals."  Dkt. No. 29 at 8.  Defendants thus assert that it is "self-serving and unreliable."  *Id.*  However, "[p]laintiffs may satisfy [their] requirement by relying on their own pleadings, affidavits, declarations, *or* the affidavits and declarations of other potential class members."  *Ramos*, 2020 WL 2832776, at *2 (quoting *Hallisey v. Am, Online, Inc.*, 2008 WL 465112, at *1 (S.D.N.Y. Feb. 19, 2008)); *see also Mendoza*, 2013 WL 5211839, at *5-6 (granting conditional certification based on declaration of plaintiff and records).  The role of the court at this stage is "not to determine the litigiousness of putative members of the collective action."  *Mendoza*, 2013 WL 5211839, at *6.  "The requirement Defendants propose, if adopted, would obviate the advantages of § 216(b) notice, as it would require FLSA plaintiffs to locate and identify additional plaintiffs in advance of certification." *Id.*  Thus, the fact that none of Plaintiff's co-workers have yet joined the lawsuit is not fatal; current employees may not have joined for any number of reasons, including that they fear

retaliation or are unaware of their rights.  *See, e.g.*, *Nahar v. Dozen Bagels Co. Inc.*, 2015 WL 6207076, at *5 (S.D.N.Y. Oct. 20, 2015).

Second, Defendants argue that Ruiz's declaration is "apparently false and misleading." Dkt. No. 29 at 8.  Ruiz says, for example, that Cruz worked six days per week for nine and a half hours per day, while Cruz now says he worked five days per week for nine hours a day with a one-hour break.  Ruiz says that Claston was also a cook while Defendants say he was only a dishwasher.  Alexis is described by Ruiz as a food preparer, while Defendants describe her as a part-time line-cook.  But, there are some reasons to doubt Cruz's declaration—he states that he is a friend of Defendants and is concerned that they will be hurt.  Defendants also exaggerate the differences between Ruiz's account and their own.  Those minor factual inconsistencies do not defeat class certification.  *See Liping Dai*, 2018 WL 4360772, at *8.  Tellingly, Defendants do not respond to the facts that Claston and Alexis were statutorily entitled to overtime pay but did not receive it.  In any event, "[a]t this stage, the Court ought not 'resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations.'" *Shillingford v. Astra Home Care, Inc.*, 293 F. Supp. 3d 401, 407 (S.D.N.Y. 2018) (quoting *Hypolite v. Health Care Servs. of N.Y., Inc.*, 256 F. Supp. 3d 485, 489 (S.D.N.Y. 2017)); *see also Lynch*, 491 F. Supp. 2d at 368 ("Indeed, a court should not weigh the merits of the underlying claims in determining whether potential opt-in plaintiffs may be similarly situated.").

Third, Defendants argue that the kitchen workers performed different functions, on different schedules, receiving different rates of pay.  Dkt. No. 28 at 3, 8.  The fact that different employees performed different jobs, however, does not necessarily preclude them from being considered "similarly situated" where "the fundamental allegation . . . is common to all the . . . plaintiffs and dominates each of their claims."  *Heagney v. European Am. Bank*, 122 F.R.D. 125,

127 (E.D.N.Y. 1988).  "It is not necessary for the purposes of conditional certification that the prospective class members all performed the same duties, or worked during the same time periods, or worked at the same locations as the named plaintiffs . . . [a]s long as they were all similarly situated with *respect to being subject to the same policy* of being denied overtime compensation, and there exists a factual nexus among the plaintiffs." *Cano v. Four M Food Corp.*, 2009 WL 5710143, at *7 (E.D.N.Y. Feb. 3, 2009) (granting conditional certification where affidavits showed "an identifiable factual nexus linking the named plaintiffs with putative collecti[ve] action members").  "[T]he type of 'person-by-person fact-intensive inquiry [sought by Defendants] is premature at the conditional certification stage and has been specifically rejected by courts within this Circuit.'"  *Mongiove v. Nate's Corp.*, 2016 WL 590460, at *5 (E.D.N.Y. Feb. 11, 2016) (quoting *Amador v. Morgan Stanley & Co. LLC*, 2013 WL 494020, at *8 (S.D.N.Y. Feb. 7, 2013)).  "[C]ommon job duties or common hourly wage rates are [not] required for a collective action."  *Id.* at *5.

### B.  Notice

One a court determines that a named plaintiff has satisfied his or her burden for initial certification of a collective action, the court may authorize issuance of a notice informing potential additional plaintiffs of their opportunity to opt into the lawsuit.  *Lynch*, 491 F. Supp .2d at 367.  The content of the notice is "left to the broad discretion of the trial court."  *Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317, 323 (S.D.N.Y 2007).  "When exercising its broad discretion to craft appropriate notices in individual cases, [d]istrict [c]ourts consider the overarching policies of the collective suit provisions."  *Id.*

Defendants make two objections to the proposed notice submitted by Plaintiff.  First, they argue that the notice and the FLSA collective action should be limited to persons who were employed by them in the two years prior to the filing of the complaint, and not the three-year

period prior to the filing of the complaint.  Second, they argue that the notice should include

information about counsel's fee arrangements.  The Court approves the proposed notice with one

minor modification.

The proposed notice is directed to persons employed at Cocina Chente as a cook,

dishwasher, or food preparer (defined as "Kitchen Workers") from October 16, 2017 through the

present.  Dkt. No. 24, Ex. A.  It states: "All Kitchen Workers who were employed by the

Defendants between October 16, 2017 and the present are conditionally part of the 'Collective,'

or 'Collective Action Members.'"  *Id.* ¶ 2.  Defendants note that the statute of limitations for

FLSA claims is two years from the violation except if the violation is willful.  They claim that

the complaint does not support a claim that the violation is willful.  In addition, the Court notes

that the statute of limitations as to any individual plaintiff stops running when either that plaintiff

is named as a party plaintiff in the complaint with a filed written consent or if his name did not

so appear, on the subsequent date on which such written consent is filed in court.  29 U.S.C.

§ 256; *see Cortese* v. *Skanska Koch, Inc.*, 2021 WL 429971, at *13 (S.D.N.Y. Feb. 8, 2021).

The objection to the notice is not well-taken.  Courts have conditionally certified classes

comprised of persons employed over the three-year period prior to the filing of a complaint

"[o]ut of an abundance of caution, and seeking to avoid any merits-based determinations" at an

early stage in the litigation.  *Fasanelli*, 516 F. Supp. 2d at 323; *see also Marcial v. New Hudson*

*Family Restaurant Inc.*, 2019 WL 1900336, at *8 & n.14 (S.D.N.Y. Apr. 29, 2019) (directing

that notice be provided to potential collective action members working for defendants during the

three years prior to the date of the filing of the action); *Mongiove*, 2016 WL 590460, at *6

(holding that notice should be sent to persons employed within three years of the date of the

filing of the complaint because the timeliness of each plaintiff's action should be determined in a

future proceeding).  "Specific challenges to the timeliness of the claims of certain 'opt-in'

plaintiffs or the named Plaintiff can be addressed after the completion of discovery during the

second phase of the collective action certification process."  *Fasanelli*, 516 F. Supp. 2d at 323.

The Court does believe, however, that one change should be made.  The following words,

in substance, should be added to the Paragraph 2 of the notice: "Defendants take the position that

the statute of limitations for the Fair Labor Standards Act claims in this case is two years.  The

Court may ultimately determine that you do not have a claim if you were not employed by

Defendants within the two-year period prior to the time you joined this lawsuit."

The objection with respect to attorneys' fees is also not well-taken.  Defendants claim

that the current language of the notice "does not disclose the fee arrangement and does not

provide potential opt-ins with sufficient information regarding the [potential] attorney-client

relationship."  Dkt. No. 29 at 15.  "Because the fee structure may impact on 'opt-in' Plaintiff's

recovery, if any, notice of those agreements should be provided up front."  *Fasanelli*, 516 F.

Supp. 2d at 324*; see also Huer Huang v. Shanghai City Corp*, 2020 WL 5849099, at *18

(S.D.N.Y. Oct. 1, 2020); *Mendoza*, 2013 WL 5211839, at *8 (requiring disclosure of

contingency fee arrangement).  However, the proposed notice does contain disclosure of the fee

arrangement.  It states: "In the event that there is a recovery, the fee agreements entitle Plaintiff's

counsel to apply for one-third of any settlement obtained or money judgment entered in favor of

all members of the class or the actual value of the time they spend on the case."  Dkt. No. 24

¶ 13.  No more is required.

Plaintiff also asks that Defendants be required to post the notice at Cocina Chente in a

"conspicuous locations" or locations "clearly visible" to potential opt-in plaintiffs.  Dkt. No. 23

¶ 5; Dkt. No. 26 at 9.  Defendants do not object to this request and it is routine in this District.

*See Ramos*, 2020 WL 2832776, at *10 (approving requirement that notice be posted at place of employment).

### C.  Discovery

To facilitate notice, Plaintiff seeks production from Defendants of the following information with respect to all members of the FLSA collective: names, last known mailing address, alternate address, telephone numbers, social security numbers, and dates of employment.

The Supreme Court has held that district courts have authority "to permit discovery of the names and addresses" of potential members of the collective action.  *Hoffman-La Roche*, 493 U.S. at 170.  Thus, in furtherance of the general purposes of FLSA, "[c]ourts in this District commonly grant requests for the production of names, mailing addresses, email addresses, telephone numbers, and dates of employment in connection with the conditional certification of a FLSA collective action."  *Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474, 488 (S.D.N.Y. 2016) (quoting *Martin v. Sprint/United Mgmt. Co.*, 2016 WL 30334, at *9-10 (S.D.N.Y. Jan. 4, 2016) (collecting cases)); *see also Knox v. John Varvatos Enters. Inc.*, 282 F. Supp. 3d 644, 663 (S.D.N.Y. 2017) (same).

At this stage, however, Plaintiff has not made a sufficient showing to obtain social security numbers.  *See Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 448 (S.D.N.Y. 2011) ("[C]ourts often decline to allow discovery of social security numbers due to privacy concerns" but will do so upon a showing that "names and contact information are insufficient to effectuate notice"); *see also Martin*, 2016 WL 30334, at *20 (holding that plaintiffs had not demonstrated the necessity for obtaining social security numbers). Accordingly, Plaintiff may obtain discovery from Defendants of all of the requested information except for social security numbers.

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion for conditional collective action certification is GRANTED IN PART and DENIED IN PART in accordance with the conclusions detailed in this Opinion and Order.  It is hereby ORDERED that:

- Plaintiff shall submit a revised notice, in accordance with this Opinion and Order, to Defendants within seven (7) days of this Order.

- Defendants shall produce to Plaintiff, within fourteen (14) days from the entry of this Order, the names, last known mailing address, alternate address, telephone numbers, and dates of employment of all non-managerial restaurant workers who were employed at Cocina Chente at any point in the three-year period prior to the filing of this action.

- Plaintiff shall distribute the revised notice to putative collective action members within fourteen (14) days of receiving Defendants' production.  Defendants shall post the notice at Cocina Chente in a location clearly visible to potential opt-in plaintiffs.

- Plaintiff shall provide a list of all opt-in plaintiffs to Defendants within 14 days of the conclusion of the 60-day opt-in period.

This Opinion and Order is signed and entered as of February 15, 2021, and has been emailed to the parties on that date.  It will be posted on the public docket on February 16, 2021.

The Clerk of Court is respectfully directed to close Dkt. No. 23.


SO ORDERED.


Dated: February 15, 2021
   New York, New York       _____
                    LEWIS J. LIMAN
              United States District Judge