UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__2/26/2021___
```

:
SANDY RUIZ, on behalf of himself and all others       :
similarly situated,                                   :
                                                      :
                                                      :
                                Plaintiff,            :          20-cv-8645 (LJL)
                                                      :
        -v-                                           :          ORDER
                                                      :
TRUFFA PIZZERIA & WINE ROOM CORP. d/b/a               :
COCINA CHENTE MEXICAN CUISINE, et al.,                :
                                                      :
                                Defendants.           :
                                                      :
----------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

The parties in this matter have reached a settlement in principle. *See* Dkt. No. 36. The

case was brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* Under

current Second Circuit law, any settlement—including any proposed attorney's fee award—must

be scrutinized by the Court to ensure that it is fair. *See Fisher v. SD Protection Inc.*, 948 F.3d

593, 600 (2d. Cir. 2020); *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

Accordingly, it is hereby ORDERED that, on or before **March 16, 2021**, the parties must

submit to the Court a joint letter explaining the basis for the proposed settlement and why it

should be approved as fair and reasonable, with reference to the factors discussed in *Wolinsky v.*

*Scholastic*, Inc., 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012). The letter should address any

confidentiality provisions, non-disparagement provisions, or releases in the proposed settlement

agreement. The letter should also address, if applicable, any incentive payments to the plaintiff

and any attorney's fee award to plaintiff's counsel (with documentation to support the latter, if

appropriate) consistent with the principles set forth in *Fisher*, 948 F.3d at 600. It is not sufficient

to state the proportion of the requested attorney's fee to the overall settlement amount. Rather,

the reasonableness of attorney's fees must be evaluated with reference to "adequate documentation supporting the attorneys' fees and costs," which "should normally [include] contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done." *Id.*; *see Strauss v. Little Fish Corp.*, 2020 WL 4041511, at *9 (S.D.N.Y. July 17, 2020) (discussing the requirements for adequately justifying an attorney's fee). Failure to provide the appropriate or sufficient documentation could result in the Court rejecting the proposed fee award.

The parties are directed to appear telephonically for a settlement approval hearing on **March 23, 2021 at 4:00 p.m.** Plaintiff shall appear at the hearing and, if necessary, with an interpreter. The parties are directed to dial (888) 251-2909 and use the access code 2123101.

SO ORDERED.

Dated: February 26, 2021
      New York, New York

                        LEWIS J. LIMAN
                        United States District Judge

2